THE   CORN   EXCHANGE   BANK   OF   CHICAGO,   Respondent,   *v.* ALPHONSO W. BLYE, as Receiver, etc., Appellant.

A receiver of an insolvent national bank acquires no right to property in the custody of the bank, which it does not own, as against the owner,

and the provision of the United States Revised Statutes (§ 5242), prohibiting the issuing of an attachment, injunction or execution against such a corporation before final judgment, was not intended to protect the receiver's custody as against such owner.

Accordingly *held*, that said provision did not prohibit the issuing, in an action against the receiver of a national bank to recover possession of personal property, of a requisition directing the sheriff to take into his possession the property in question; that the receiver, if he desired to retain possession of the property during the litigation, could only do so by giving the security required, the same as other defendants in such an action.

(Submitted December 22, 1885; decided January 19, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made the first Monday of May, 1885, which reversed an order of Special Term vacating and setting aside a requisition issued herein to the sheriff of Orange county, directing him to take into his possession the property specified in the complaint. (Reported below, 37 Hun, 473.)

This action was brought against plaintiff as receiver of the Middletown National Bank to recover possession of certain securities, which the complaint alleged were pledged to it as security for a draft, which draft was forwarded for collection to said bank, accompanied by the securities with instructions to hold them until payment of the draft. The complaint also alleged that the draft was not paid, that the bank suspended, defendant was appointed receiver of its assets, the securities were delivered over to him, and he refused to deliver up the same on demand.

*Elihu Root* for appellant. The word "attachment" in section 5242 of the United States Revised Statutes, means not only the peculiar warrant or process which the New York Code, at any particular date, describes as an attachment, but it includes whatever comes within the general signification of the term. (*Raynor* v. *Pacific Nat. Bk.*, 93 N. Y. 371; *Nat. S. & L. Bk.* v. *Mech. Nat. Bk.*, 89 id. 467; *Robinson* v. *Nat. Bk. of Newberne*, 81 id. 385.) The provision of the section inured to the benefit of a receiver just as much as to that of the bank.

(*Rosenblatt* v. *Johnston*, 104 U. S. 462.) The insolvency of a national bank requires the appointment of a receiver (§ 5234). The receiver so appointed is an officer of the United States. (*Kennedy* v. *Gibson*, 8 Wall. 498.) If section 5242 were expunged from the statute, the order of Special Term would nevertheless be right, for process can no more run to the sheriff against the receiver *pendente lite* than it can run to the sheriff against the United States marshal. (*Kilmer* v. *Hobart*, 8 Abb. N. C. 426; *Havens* v. *City of Brooklyn*, 6 T. & C. 346.) The order is appealable. (*Allen* v. *Meyer*, 73 N. Y. 1.)

*L. A. Gould* for respondent. The object of section 5242, United States Revised Statutes, is to prevent one creditor of a corporation whose assets are insufficient to meet its liabilities, from obtaining a preference, whether it is sought through a voluntary assignment or transfer or payment, or the form of a legal proceeding. (*Robinson* v. *Nat. Bk. of Newberne*, 81 N. Y. 393; *Nat. S. & L. Bk.* v. *Mech. Nat. Bk*, 89 id. 467; *Nat. Bk.* v. *Colby*, 21 Wall. 609; *Raynor* v. *Pac. Nat. Bk.*, 93 N. Y. 373; *Cragie* v. *Hadley*, 99 id. 131.)

FINCH, J. The sole question in this case is whether section 5242 of the United States Revised Statutes prohibits the requisition issued to the sheriff and protects the receiver in his possession. The Bank of Middletown became insolvent and the defendant was appointed its receiver under the Federal law. That appointment vested in him all the assets of the bank to be converted into money and distributed among the creditors. The object sought to be accomplished is the distribution of those assets fairly and without preferences, and that has been held to be the aim and purpose of the section in question. (*Robinson* v. *Bank of Newberne*, 81 N. Y. 385; *Rosenblatt* v. *Johnston*, 104 U. S. 462.) It specifically prohibits all transfers of the corporate property made with a view to preferences, and so protects the creditors from any voluntary act of the bank which selects out favored individuals for payment. But the bank may be passive, and such individuals gain a preference by a

suit against the corporation preceded or accompanied by an attachment or injunction, or, after judgment, enforced by an execution.   These three things, therefore, were specifically prohibited by name; each being process well known and accurately defined in the law; and without any general words to carry the prohibition beyond them.   The receiver, by his appointment, acquires no right to property in the custody of the bank which the latter does not own, as against the real owner;   and the section in question was plainly not intended to protect the receiver's custody as against such owner.   It aims to protect the property of the bank in his hands, and not to give him arbitrary control of what the bank does not own. If the latter should be held, its injustice is well suggested by the General Term in its application to special deposits of customers left merely for safe-keeping.   It does not alter the case that there is here a dispute about the title, and the receiver claims to be owner.   He might make such claim in any case. No law makes him the inevitable stakeholder pending the litigation.   He may become so by giving the needed security, and we can see no just reason why he should be exempted from that obligation which falls upon others.   The plaintiff is required to give such security as the condition of his writ, and the receiver need run no risk in the performance of his duty. It is said the word "attachment" is used not in the local sense affixed by State enactments, but in a broader sense; and the definition of Bouvier is cited.   But by that definition and in every use of the term it always assumes title in the person against whom the writ issues, and seeks to hold possession of his property, and on the ground and for the reason that it is his.   No nomenclature has ever made it the equivalent of a writ of replevin which issues upon a theory exactly the reverse.   There is no collision of jurisdictions.   The authority of the Federal courts over the assets and the right of its officer to hold them is not questioned or invaded.   No property over which those courts have obtained jurisdiction is interfered with.   What is sought to be recovered is property over which they have ob-

tained no jurisdiction, and as to which they have conferred no right upon him.

The order should be affirmed, with costs.

All concur.

Order affirmed.