ALEXANDER VAN WAGONER, as Executor, etc., of JEANNETTE G. R. DURKEE, Deceased, Respondent, *v.* CHRISTOPHER A. BUCKLEY, SR., and Others, as Executors, etc., of WILLIAM H. KELLY, Deceased, Defendants.

THE SUPERINTENDENT OF BANKS OF THE STATE OF NEW YORK and GEORGE W. EGBERT, Special Deputy Superintendent, Appellants.

Second Department, January 19, 1912.

Interpleader — claim of Superintendent of Banks upon taking posses-sion of trust company to moneys held as bailee — bailments — special deposits.

Where, in an action by an executor to recover from a trust company moneys on deposit to the credit of the testator, such trust company is granted an order of interpleader upon its own application and the moneys are deposited with it to the credit of the action and subject to the order of the court, the moneys never become the property of the trust company and do not pass to the Superintendent of Banks where he takes possession of the assets and business of such company, pursuant to section 19 of the Banking Law.

The trust company held such moneys in trust as bailee under a bailment created by the order of interpleader.

Any kind of personal property, including current money and even a chose in action, if in existence, may be the subject of a bailment, one of the essentials of which is that it be taken into possession by the bailee.

Special deposits, whether of money, bonds, stocks or other securities, depend upon such conditions, usual or unusual, as may be imposed by the depositor and accepted by the depository, and the parties are to be governed thereby.

A bailee acquires no title to the subject of a bailment, but has only the right to possession, subject to the conditions imposed at the creation of the bailment.

The objection of the Superintendent of Banks that the motion should be made and heard in the judicial district in which the principal office of the trust company was located is untenable, as the venue of the action is in Kings county and the fund in question was deposited to the credit of the action and the motion was properly made in the action.

APPEAL by the Superintendent of Banks of the State of New York, in charge of the Carnegie Trust Company, and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of July, 1911, directing

said Superintendent of Banks and the Carnegie Trust Company to forthwith pay over to the city chamberlain of the city of New York to the credit of this action the sum of $3,600.26 out of the assets of said Carnegie Trust Company in his hands for the purposes of liquidation.

*Frank M. Patterson* and *J. Elmer Melick,* for the appellants.

*James A. Wilson,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice MADDOX at Special Term.

JENKS, P. J., HIRSCHBERG, BURR, WOODWARD and RICH, JJ., concurred.

The following is the opinion delivered at Special Term:

MADDOX, J.:

For some time prior to the death of plaintiff's testatrix and up to about December 5, 1908, there was on deposit with the Carnegie Trust Company $3,600.26 to the credit of the account of said testatrix, who died about October 27, 1907, and whose last will and testament was duly probated about January 15, 1908, letters testamentary thereon issuing out of the Surrogate's Court of Kings county to plaintiff.

Plaintiff as such executor thereafter made demand on the trust company for the payment to him of that sum, which the trust company refused to make, and this action was brought; thereafter, upon the motion of the trust company for an interpleader, under section 820 of the Code of Civil Procedure, an order was made herein on December 5, 1908, upon the consent of the attorneys for all the parties, that William H. Kelly be interpleaded and substituted in its place and stead, that this action be discontinued as to it and that it be discharged from liability as to said sum to either the plaintiff or said Kelly, upon its depositing said sum in said Carnegie Trust Company, less ten dollars costs allowed to it, to the credit of this action and subject to the order of this court.

Thereupon the relation of debtor and creditor as between the trust company and those claiming the money to the credit of

said account ended and a new status and relation were created as to the fund so continued by said order with the trust company.

In effect the amount to the credit of said account, viz., $3,600.26, was brought into this court to abide the determination of this action, when the court would by appropriate judgment or order direct the further disposition of the sum so brought within its protection and control.

Demand for and refusal of payment by the Superintendent of Banks of the fund here in question are alleged in the moving affidavit, but there is nothing showing the Superintendent's relation to or connection with the affairs of said trust company or said fund; the Superintendent is not a party to this action, but is before the court on notice of motion for the relief prayed for. On the arguments of the motion it was asserted that the said Superintendent had control and custody and was in possession of the property, affairs and business of said trust company, pursuant to the provisions of section 19 of the Banking Law,* which was at the time admitted by the Superintendent's counsel, who has submitted no papers or proofs in opposition to the motion, other than his brief.

Any kind of personal property, including current money and even a chose in action, if in existence, may be the subject of a bailment, one of the essentials of which is that it be taken into possession by the bailee.

The continuance of the fund in question in the custody of the trust company was upon its application, at its suggestion, since the motion was made by it, and it became perforce of the order directing such deposit the bailee of the same.

As said in *Marine Bank* v. *Fulton Bank* (2 Wall. 252, 256): "All deposits made with bankers may be divided into two classes, namely, those in which the bank becomes bailee of the depositor, the title to the thing deposited remaining with the latter; and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker; and the latter, in consideration of the loan of the

---

* See Consol. Laws, chap. 2 (Laws of 1909, chap. 10), § 19, as amd. by Laws of 1910, chap. 452.—[REP.

money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand."

The money so continued in the custody of the trust company was at all times subject to the order of this court in this action and never became the property of the trust company for any purpose and certainly not to mingle with its own funds or those of any other person; it was in form a special deposit.

Special deposits, whether of money, bonds, stocks or other securities, must depend upon such conditions, usual or unusual, as may be imposed by the depositor and accepted by the depositary, and the parties are to be governed thereby, since the person or corporation upon receiving such deposit must be held to have acquiesced in and accepted the same upon the conditions imposed.

The depository here, the trust company, was not required to accept the deposit, or to continue in custody or possession thereof; it could have declined in the first instance to accept the deposit, or have subsequently moved to be relieved from its relation as depository and bailee if it so desired. But it accepted the bailment, which was in fact a special deposit, upon the terms and conditions fairly to be inferred from the directions of the order that the fund be deposited with it, the court being in effect the bailor, since the money was brought into court by the action of the trust company, and the fund was to be held to the credit of the action and not to be withdrawn or in any wise disposed of without the further order of the court.

A bailee acquires no title to the subject of a bailment, but has only the right to possession thereof, subject to the conditions imposed in the creation of the bailment, a possessory interest authorizing the defense of the right to such possession until the termination of such bailment.

The fund so deposited with the trust company by direction of the aforesaid order never became its property and did not pass to the Superintendent of Banks when he took possession of the trust company, its assets and business, nor did he then acquire, as against the real owner thereof, any right to any property in the custody of the trust company which it did not own. (*Corn Exchange Bank of Chicago* v. *Blye,* 101 N. Y.

303, 306; *First National Bank of Montgomery* v. *Armstrong,* 59 Fed. Rep. 62.)

The relation of debtor and creditor, or that of bank and depositor in the ordinary course of business, did not and does not now exist as between the parties to this action and the trust company so far as relates to said fund held pursuant to the directions of the order of interpleader, and no one will, I take it, even suggest the possibility of such a relation existing between the court directing such deposit and the depository because of the making of such order of interpleader, even though that order were made upon the consent of the parties hereto and said trust company, through their attorneys.

Consequently, if the relation of debtor and creditor, or that of bank and depositor in the ordinary course of business, did not exist after the order of interpleader was entered, then in what relation to the real owner of said fund was the trust company in the possession of said fund, if not that of a bailee or trustee of a special deposit?

There can, in my opinion, be but one answer: that the trust company held the fund in trust as bailee (*Bergstresser* v. *Lodewick*, 37 App. Div. 629), under a bailment created by the order of interpleader.

The venue of this action is Kings county, and there is no merit in the objection of the Superintendent of Banks that this motion should be made and heard in the judicial district in which the principal office of the trust company is or was.

The fund in question was by order herein deposited to the credit of this action, and the motion was properly made in the action.

In the memoranda cited by the Superintendent's counsel it does not appear that the applicants were other than general depositors in the ordinary sense of that term; there is nothing to show that the relation of debtor and creditor in the usual course of banking business did not exist in each. Indeed, nothing to indicate any equities in favor of the moving party as a depositor, or that there was a special deposit, a trust relation or a bailment.

The motion is granted.