Mortimer J. Delano, Plaintiff, *v.* Equitable Trust Company of New York, Defendant.

(Supreme Court, Kings Special Term, March, 1920.)

Banks and banking — bank may set off deposits against debt due without notice.

> A bank at any time and without notice to a depositor has a right to set off his deposits against any debt due from him to the bank, and such right is not affected by the omission of the bank to make such application until after the recovery of judgment on the debt.

Motion for judgment on the pleadings.

Murray, Prentice & Howland (Franklin P. Ferguson, of counsel), for motion.

John W. Goff, opposed.

Kapper, J. The rule, that a bank may look to deposits in its hands for the repayment of any indebtedness to it on the part of the depositor and may apply the debtor's deposits on his debt to the bank as it becomes due, is so well established as to render unnecessary here a citation of the long line of cases.

See 7 C. J. 653. In the case at bar the question, which arises upon a motion for judgment on the pleadings, is, whether such a right of setoff can be exercised without notice to the depositor. The material facts of the separate defense which show that the payment of plaintiff's checks was refused because of the application of his deposit to the amount of a due note made by him and owing to the defendant, are admitted. So far it would seem, under the authorities, that defendant exercised a legal right, and that the plaintiff's claim that he was negligently and wrongfully suffered to draw against his deposit a number of checks which the defendant bank dishonored to his injury, would, if the defendant's answer be taken as true, be without legal merit. By an order, the plaintiff was required to reply to the defendant's defense. That reply admits the facts, but asserts that the defendant made such offset without notice to the plaintiff. And this question of notice is the sole one for determination. The relation of banker and depositor creates the relation of debtor and creditor. The depositor's money is taken by the bank in the nature of a gratuitous loan, and thereupon the bank charges itself with a debt absolutely due to the depositor. And this is so though the bank were to lose the money without fault. Where a depositor is indebted to his bank there exists a mutual indebtedness, and the right of setoff applies. Both the banker and depositor hold as debtors the moneys of their creditors, and the right of either to make application to the debt of the credit is determinable by the ordinary rules of law relating to the right of setoff. Such rules of law between a bank and its depositor are the same as those applicable to other parties. Morse Banks (5th ed.), § 334. In *Meyers* v. *New York County Nat. Bank,* 36 App. Div. 482, 484, Mr. Justice Cullen said: " The existence of

what is called a banker's lien is well recognized in commercial circles and by the law. ' The rule may be broadly stated, that the bank has a general lien on all moneys and funds of a depositor in its possession for the balance of the general account ' (Morse Banks, § 324), though the lien is only for accounts that are at the time due and payable (*Jordan* v. *National Shoe & Leather Bank,* 74 N. Y. 467). ' Ordinarily that (the lien) attaches in favor of the bank upon the securities and moneys of the customer deposited in the usual course of business, for advances which are supposed to be made upon their credit. It attaches to such securities and funds, not only against the depositor, but against the unknown equities of all others in interest, unless modified or waived by some agreement, express or implied, or by conduct inconsistent with its assertion ' (*National Bank* v. *Insurance Co.,* 104 U. S. 54). Such being the law and commercial usage, when a depositor opens an account in a bank *that very act,* in the absence of an agreement to the contrary, *authorizes the appropriation of his deposit balance to any matured claims the bank may hold against him,* the same as if he then executed an agreement in writing to that effect.'' In *Marsh* v. *Oneida Central Bank,* 34 Barb. 298, the plaintiff sued as assignee of one Hyland to recover the assignor's deposit in the defendant bank, the defense to which was a liability of the depositor upon a past-due note upon which the bank had theretofore recovered judgment and for which it counterclaimed. It was said by the court (p. 300): '' The bank had the right *at any time* to apply the amount in payment of the note then past due, (*Commercial Bank of Albany* v. *Hughes,* 17 Wend. 94; *Ketchum* v. *Stevens,* 6 Duer, 463). As the plaintiff insists that the money was not paid upon, or in part payment of, the note, there was no obligation

upon the defendant so to apply it. It was optional with the bank whether it would do so or not; but omitting to make the application, and postponing it until after the recovery of the judgment, did not affect the right. After as well as before the recovery of the judgment, the right of the defendant to apply the money in payment of the debt due from the plaintiff's assignor was perfect. The officer of the bank testified that the application was made; but whether it was or not, is immaterial. If it was not made, then the defendant was the debtor of Hyland to the amount of the deposit, and the latter was the debtor of the bank to the amount of the judgment, and the one constituted a legal as well as equitable set-off against the other. *The bank was not bound to pay the checks of Hyland,* or regard the transfer to the plaintiff, *made after the right of the defendant to set off the judgment had accrued."* In no case in this state to which my attention has been called has it been decided that the right of setoff by a bank can only be exercised after notice. The well understood and generally accepted relations existing between banker and depositor neither as matter of law or custom call upon the bank to notify the depositor that his account has reached or is about to reach such a state as to require replenishing before he attempts to further draw against it. And the ordinary obligations existing between debtor and creditor do not demand notice to the maker of a note that the same is due. The debtor knows, or should know, what he owes and when it is payable. In a case quite like the present (*Garnett* v. *M'Kewan,* L. R. 8 Exch. 10), it was said: " In general it might be proper or considerate to give a notice to that effect, but there is no legal obligation on the bankers to do so, arising either from express contract or the course of dealing between the parties. The customer must be taken to know the state of each

account, and if the balance on the whole is against him or does not equal the cheques he draws, he has no right to expect those cheques to be cashed.'' It seems to me, therefore, that the reply alleging the defendant's right to setoff to have been without notice to the plaintiff is insufficient in law and that the motion for judgment on the pleadings should be granted, with ten dollars costs.

Motion granted, with ten dollars costs.