SUN HOLDING CORPORATION, Plaintiff, *v.* 14 WEST SEVENTY-SECOND STREET CORPORATION and Others, Defendants.

Supreme Court, New York County, March 14, 1931.

*Abraham A. Silberberg,* for the receiver.

*H. Louis Jacobson,* for plaintiff, Sun Holding Corporation and Rurik Holding Corporation.

*Harry G. Kosch,* for 14 West Seventy-second Street Corporation.

*John J. Bennett, Jr., Attorney-General,* and *C. Elmer Spedick,* for Title Guarantee and Trust Company, as trustee.

*Maurice B. Rich,* for Joseph Elias & Co., Inc.

*Gettinger & Gettinger,* for Knickerbocker Fireproofing Co., Inc.

*Lind, Shlivek, Marks & Brin,* for Emery Roth.

*Michael F. Dee,* for Arthur V. Wait.

*Harry G. Kosch,* for Julius Dworman and Irving Dworman.

TOWNLEY, J. There are before me nine applications to direct the Superintendent of Banks to pay over moneys deposited in the Bank of United States by receivers and committees in two actions, to wit, *Sun Holding Corporation* v. *14 West Seventy-second Street Corporation* and *Silverman* v. *Cassere.* The receivers of rents, although not directed specifically to do so, deposited funds accruing during their receiverships in the Bank of United States. In the other actions and proceedings the said bank was named in the court order appointing them, respectively, receivers and committees as the depository.

Section 188, subdivisions 5 and 8, of the Banking Law provides that a bank can act as a depository, and that in the event of liquidation court funds received by the bank as depository are entitled to a priority over general creditors of the bank. It is conceded by the attorneys for the bank that moneys deposited by receivers and committees under court orders directing them to deposit moneys in a particular bank are protected by the above section and are entitled to a priority. It is, however, contended in the instances above named wherein the receivers, although not specifically directed to put the funds coming into their possession in the Bank of United States, nevertheless chose this bank as a

depository, that the funds so deposited are not protected by the section and are not given a preference. In my opinion this contention is not well taken. The deposits made by all receivers and all committees as such are all court funds within the meaning of this section. The section which creates the preference makes no reference to the necessity, as a prerequisite for the preference, that a court order shall have denominated a particular bank which is under liquidation. Moreover, there can be no doubt that the section providing for preference was passed by the Legislature with full knowledge that receivership accounts and committee accounts are habitually protected by surety bonds and that surety companies require the deposit of surplus funds in recognized depositories of which this bank was one. In the case of committees whose accounts are annually reviewed by the official referee appointed by the Appellate Division, the committee who did not keep surplus moneys segregated and on deposit in a recognized depository would undoubtedly be recommended for removal. Recently by rule of the Appellate Division (Rule 17 of the Rules of the Supreme Court, First Department, regulating Special Terms) it is provided that all orders appointing receivers shall name a specific depository, and, further, that the surety company shall countersign all checks. This is but recognition of what has been the usual practice in this department. Moreover, in the case of commitments for incompetents it has long been the custom in the office of the Attorney-General of the State to provide in its commitment papers for the appointment of a specific depository. In view of the general practice outlined, I am convinced that the law providing for preferences is sufficiently broad in its scope to cover deposits of court funds made by choice of the receiver or committee who felt that he was under an obligation to make deposits in a depository regardless of whether the order appointing him specifically provided it or not. It would be highly inequitable to penalize an officer appointed by this court for voluntarily performing an act which ordinarily is in terms required of him in the order.

However, although I believe, that on the law these petitioners are entitled to a preference, they are not entitled to a direction by the court at this time for the return of the moneys. They must follow the procedure set forth in section 72 of the Banking Law (as amd. by Laws of 1930, chap. 664) and sections 74, 75, 76 and 78 (as amd. by Laws of 1930, chap. 678).

The motions in so far as they request immediate payment are denied, without prejudice to proper demand pursuant to the above sections of the Banking Law.