In the Matter of the Estate of MARIE FORREST, Deceased.*

Surrogate's Court, Westchester County, April 15, 1931.

* See *Matter of Kruger* (139 Misc. 907).

*Strasbourger & Schallek,* for the executors.

*Carl J. Austrian [Warren C. Fielding* of counsel], for the Superintendent of Banks of the State of New York.

SLATER, S.   By decree of this court dated October 9, 1928, the petitioners herein were appointed executors of the estate of Marie Forrest, deceased.   They duly qualified as such, and took possession of the assets of the estate.   On or about October 13, 1928, they made a deposit with the Colonial Bank of New York city, in the name of " Estate of Marie Forrest, Horace M. Grossman, David Shiman, Executors."   At some later time said Colonial Bank merged into " The Bank of United States."   On or about December 11, 1930, The Bank of United States was taken over by the Superintendent of Banks of the State of New York for liquidation, pursuant to the provisions of the Banking Law.   There is now a balance in such account of $5,498.58.   Said executors have made demand upon the ' Superintendent of Banks of said liquidating bank for the payment of said deposit and the Superintendent of Banks has refused to pay the same.

Upon petition in the nature of a discovery proceeding for the delivery of property withheld (Surr. Ct. Act, § 205), returnable before this court, the Superintendent of Banks duly appeared by counsel and answered.   It was contended by the petitioners that said account was a special deposit account.   The answer of the Superintendent of Banks, on information and belief, denied that any special arrangement was made between the petitioner and the Colonial Bank. and, further, that this court was without jurisdiction.

Executors obtain their authority to act as such from the Surrogate's Court.   Every executor shall keep the funds of the ' estate distinct from his own personal funds.   He shall not deposit the same with any corporation doing business under the Banking Law

in his own name, but all transactions shall be made in his name as such executor. (Surr. Ct. Act, § 231.)

The rule of law is that the relation of debtor and creditor exists between a bank and those claiming the money under a general deposit, and the title to the money passes to the bank, and the depositor becomes the creditor. (*Matter of Wilkins*, 131 Misc. 188, 194, and cases cited; *Baldwin's Bank* v. *Smith*, 215 N. Y. 76, 82.) The law presents anomalies. The instant case is such.

The executor, or other fiduciary, is without authority to permit the title to the trust asset to pass from him to any person or corporation. The executor holds the property or funds in trust to pay the debts and execute the will of a testator. In equity, he is a mere trustee charged with the performance of the will. The act of the executor in depositing the funds in this particular bank did not affect their character. The banking institution is charged with notice that the deposits were equitable assets of the estate, and that trust funds do not lose their character as such by being deposited in a bank. The usual general account is modified by implication, because an executor's bank account is inconsistent with its assertion. (*National Bank* v. *Insurance Co.*, 104 U. S. 54, 66.) It may even be stated as a general principle that, if money deposited in the bank was held by the depositor in a fiduciary capacity, its character is not changed by being placed even to his credit in his individual bank account. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106, 111, and cases cited.)

The principle of debtor and creditor applied to bank deposits is sustained on the theory that the depositor parts with his title to money deposited. This cannot be said of trust funds.

It is my opinion that the relation of debtor and creditor never existed between these executors and the liquidating bank. The executors had no right to part with the title of the trust estate, and, when the deposit was made, the bank became the bailee of the depositor, the title to the deposit remaining with the depositor. The money was in the custody of the bank, subject at all times to the order of the executor and of this court, and never became the property of the bank for any purpose whatsoever; it was a special deposit. It is not necessary to enter into an agreement for a special deposit for trust funds. The fact that they are such, as in the instant case, implies a special deposit. The fact that no setoff can be made by the bank against such funds further stamps the deposit as special. Such bankers' liens apply only to general accounts. (*Delano* v. *Equitable Trust Company*, 110 Misc. 704.) The bank is charged with the knowledge of the law, and there is an implication that it accepted the deposit from the executors as a

special deposit. The institution must be held to have acquiesced in and accepted the same upon such conditions. It accepted the bailment, a special deposit; the bailee acquired no title to the subject of the bailment, but only the right to possession, subject to conditions, if any, imposed in the creation of the bailment.

The funds so deposited with the bank never became its property, and did not pass to the Superintendent of Banks when he took possession of the bank, its assets and business. Nor did he then acquire as against the executors any right to the property in the custody of the bank which it did not own. (*Van Wagoner* v. *Buckley,* 148 App. Div. 808; *Matter of Bank of Cuba,* 198 id. 733, 736; *Corn Exchange Bank of Chicago* v. *Blye,* 101 N. Y. 303, 306; *Carlson* v. *Kies,* 134 Pac. 808; *Wiggins* v. *Stevens,* 33 App. Div. 83, 88; *Van Alen* v. *American National Bank,* 52 N. Y. 1, 8; *Dows* v. *Kidder,* 84 id. 121, 130, 131, 132; *Roca* v. *Byrne,* 145 id. 182, 186; *Le Marchant* v. *Moore,* 150 id. 209, 218; *Massey* v. *Fisher,* 62 Fed. 958; *Peters* v. *Bain,* 133 U. S. 670, 693.)

The trust company, as possessor of said fund, is in the position of a bailee or a trustee of a special deposit. (*Bergstresser* v. *Lodewick,* 37 App. Div. 629.)

*Madison Trust Co.* v. *Carnegie Trust Co.* (215 N. Y. 475 [1915]) dealt with this principle, and on the facts of that case the court held that the " trust " did not obtain a preference under the Banking Act; but the plaintiff was entitled to a money judgment and an accounting.

A discovery proceeding in this court is now an appropriate remedy to secure possession of withheld property in the possession of persons or corporations.

The trusts committed to executors of and trustees under wills are sacred trusts declared by the dead. The principle of equality of distribution of assets left after the smash of a banking institution should not be applied to such trusts. The living take their chances when they make deposits with banks. They are charged with knowledge of the law. The title to trust funds cannot be passed over or transferred to any one. Consequently, the principle of bailment applies.

Section 67 of the Banking Law (as amd. by Laws of 1930, chap. 678) provides for the disposition by the Superintendent of Banks of property held as bailee.

The question of bank creditors, and of priority, does not enter into this case.

No property over which the Supreme Court has obtained jurisdiction by virtue of the liquidation and the Banking Act is interfered with.

For recent decisions affecting deposits, see *Sun Holding Corp.* v. *14 West 72d St. Corp.* (140 Misc. 566); *Matter of Wasserman* (Id. 174).

As to the court's jurisdiction, which is assailed, I claim for the Surrogates' Courts of this State, in the instant and similar cases, jurisdiction. (Surr. Ct. Act, § 40, as to general equity jurisdiction; § 40, subd. 4, as amd. by Laws of 1924, chap. 100; *Matter of Wilson*, 252 N. Y. 155; *Matter of Morris*, 134 Misc. 374; *Matter of McCarthy*, 139 id. 147.)

The Superintendent, as liquidator, may sue and be sued. (*Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280, 289.)

The possession by the bank of the estate's property was subject to the special deposit created by the fact that it was trust property, the title to which could not leave the executors, and thereby constituted a bailment for the performance of which the Superintendent of Banks is bound to respond to this court.

Submit decision and order for delivery of funds.