THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWIN M. NELSON, as Receiver of the FIRST NATIONAL BANK OF MACEDON, and Another, Defendants.

Supreme Court, Albany County, April 7, 1932.

*John J. Bennett, Jr., Attorney-General,* for the plaintiff.

*Charles P. Williams,* for the defendant Edwin M. Nelson, as receiver.

*Rosendale, Dugan & Haines,* for the defendant American Surety Company of New York.

RUSSELL, J. This action was commenced by the plaintiff for the purpose of having the ownership and right to the possession

of a certain State bond, now in the possession and under the control of the Commissioner of Taxation and Finance, judicially determined as between the defendants. The State makes no claim thereto, but holds said bond merely as a custodian.

Issue has been joined and the controversy is submitted to the court upon an agreed and stipulated statement of facts.

It appears from the facts that, pursuant to the provisions of section 8 of the State Finance Law (as amd. by Laws of 1926, chap. 548), State moneys were deposited in the First National Bank of Macedon, N. Y., and the bank delivered to the State a bond of the American Surety Company of New York to secure such deposits.

On April 8, 1931, the First National Bank of Macedon was declared insolvent and the Comptroller of the Currency of the United States took charge of the bank and the defendant Edwin M. Nelson was appointed its receiver under the provisions of the United States Code. (U. S. Code, tit. 12, §§ 191, 192.) At that time the State had on deposit in said bank $5,000 and interest. When the Comptroller took charge and the receiver was appointed the bank was immediately deprived of any right to handle its assets or in any manner conduct the business of the bank. It follows that any change or attempted change of the situation of the bank after the determination of insolvency is void. All of the property which the bank owned or controlled at that time immediately vested in the receiver. (*Yardley* v. *Philler*, 167 U. S. 344, 360; *Davis* v. *Elmira Savings Bank*, 161 id. 275; *Corn Exchange Bank of Chicago* v. *Blye*, 101 N. Y. 303.)

It further appears that on March 25, 1931, the defendant surety company served notice on the bank and on the State that its liability on the bond given the State would terminate thirty days thereafter, viz., April 25, 1931.

Shortly after the receipt of this notice the bank offered to substitute a New York State bond for the surety company bond as provided for in said section 8 of the State Finance Law, and on April 1, 1931, in pursuit of its efforts to retain State moneys on deposit, executed a new bond, assignment and power of attorney which were received by the State April 2, 1931. There was no surety on this bond and the place in the blank form of the bond or undertaking for the insertion of an " outstanding unmatured bond of the State of New York " was left blank and no such bond was delivered to the State at that time. It is a reasonable inference from the facts that the reason why the required bond did not accompany the papers filed for substitution is that the bank was not then in a position to substitute such bond, for on April 1, 1931 (the same day it executed the forms mentioned), it directed

the Manufacturers and Traders People's Trust Company of Buffalo, N. Y., to purchase for it a $5,000 New York canal improvement bond; to have such bond registered in the name of the bank and to send it to the State Department of Taxation and Finance. Such bond was afterwards purchased by this trust company and sent to the State on April 9, 1931. It was received by the Department of Taxation and Finance on April 10, 1931, two days after the insolvency of the bank and the appointment of a receiver.

This canal bond is now in the possession of the State and is the subject of the controversy in this action between the two defendants.

Neither the substitute indemnity bond submitted by the bank nor the canal bond sent to the State, as here mentioned, was ever approved by the Commissioner of Taxation and Finance and Comptroller nor was the certificate of deposit containing the conditions of said surety bond ever sent as required by statute (State Finance Law, § 8).

The transaction was thus never completed and substitution of the canal bond for the surety company bond never made. The procedure is statutory and the statute must be followed before the transaction becomes binding upon the parties.

The statute nowhere provides for double indemnity, but does provide for a substitution and such substitution must be actually lawfully made before the surety bond would be released. (*Barnes* v. *Cushing*, 168 N. Y. 542.)

It is obvious that the State never regarded the substitution as having been made, because it thereafter demanded payment of its deposits from the bank and, payment being refused, required the surety company to fulfill its bond obligations, which it did by payment, receiving from the State the usual subrogation agreement which in part reads as follows: " To all the rights and remedies of the State of New York in the premises; and the undersigned [plaintiff] hereby assign, transfer and set over unto the said American Surety Company of New York all the right, title and interest of the State of New York in and to its said claim against the said First National Bank of Macedon."

Under this subrogation the American Surety Company doubtless succeeded to the rights of the State to share in the distribution by the receiver of the bank's assets based upon the amount of State moneys deposited with the bank at the time of its insolvency, but it acquired no right to the canal bond in question. The State having no title to this bond, it could transfer to the surety company none.

On June 8, 1931, the First National Bank of Macedon became

legally dead by the appointment of a receiver and the power of the Manufacturers and Traders Trust Company as the agent of the First National Bank of Macedon automatically ceased. (2 C. J. p. 545, § 177; p. 546, § 179; *Glennan v. Rochester Trust & S. D. Co.*, 209 N. Y. 12.)

Therefore, the $5,000 New York canal improvement bond purchased by this agent for its principal and registered in the name of the principal was an asset of the bank to which the receiver was entitled, and the agent acted beyond its power when it sent such bond to the State the day after the bank's insolvency.

For the reasons here stated, I hold that the defendant Edwin M. Nelson, as receiver of the First National Bank of Macedon, is entitled to said canal bond and the same should be delivered to him by the Commissioner of Taxation and Finance.

The defendant Nelson, as receiver, may have judgment against the plaintiff in accordance with this memorandum, with costs.

Submit order and judgment upon two days' notice.