In the Matter of the Estate of ANNA J. EVERITT, Deceased.

Surrogate's Court, Broome County, June 25, 1932.

*Burr W. Mosher*, for the petitioners.

*Rollin W. Meeker*, for the respondent.

BAKER, S. The petition of Burr W. Mosher and William A. Leamon, administrators with the will annexed of the last will and testament of Anna J. Everitt, deceased, verified October 30, 1929, having been presented to this court, setting forth on information and belief facts tending to show that personal property and money which should be delivered to such administrators was in the possession of John W. Thomas, who withholds the same from such administrators so that it cannot be inventoried or appraised, and praying for an inquiry respecting such property, and that the said John W. Thomas, so complained of, should be ordered to attend the inquiry and be examined accordingly;

And the affidavit of John R. Mungle, verified October 24, 1929, and the affidavit of William J. Page, verified October 26, 1929, tending to support the allegations of the petition, having accompanied it, said petition and affidavits having been filed on October 30, 1929; and

The surrogate being satisfied on the papers so presented that there were reasonable grounds for the inquiry, having made an order accordingly; and due proofs of the personal service upon said John W. Thomas of said order of the surrogate requiring the respondent to attend, at the time and place therein specified, having been filed; and the respondent having attended as required by said order, and having submitted an answer, duly verified, denying the material allegations of the petition, and alleging that he, the said John W. Thomas, paid over and delivered over into the possession of the said Anna J. Everitt in her lifetime all of the said moneys, and that the said Anna J. Everitt executed a gift of said moneys to one Sarah Manell and to Lottie Thomas, and that the title to the proceeds of the auction sale was in Lottie Thomas at the time of her death;

And the surrogate having ordered that said inquiry be held at a term of the Surrogate's Court, at the surrogate's office in the city of Binghamton, county of Broome and State of New York, on November 15, 1929, at ten o'clock in the forenoon of that day; and the petitioners having duly appeared in person and by Burr W. Mosher, their attorney, and the respondent having appeared in person and by Rollin W. Meeker, his attorney; and the said inquiry having been adjourned from time to time until June 24, 1930, at which time the parties and their attorneys appeared for trial.

At the beginning of the trial the respondent raised the question

that the Surrogate's Court did not have authority and jurisdiction to try the title to property which is claimed by a third party not a party to the proceeding, and objected to the proceeding and moved that the same be dismissed on the ground that the proceeding is a discovery proceeding, and that the surrogate has no jurisdiction to try the title to property claimed by a third party, namely, the estate of Lottie Thomas, deceased, which estate is not a party to this proceeding. The motion was denied.

This proceeding was commenced under and pursuant to the provisions of sections 205 and 206 of the Surrogate's Court Act, relating to discovery.

Under the law as it was at the time of the trial of this proceeding there was ample authority for denying the motion of the respondent and holding that in a discovery proceeding the Surrogate's Court has jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or guardian. (*Matter of Akin*, 248 N. Y. 202; *Matter of Wilson*, 252 id. 155; *Matter of Buckler*, 227 App. Div. 146; *Matter of Forrest*, 140 Misc. 14; *Matter of Gallagher*, 137 id. 564.)

It follows therefrom that in the instant case the Surrogate's Court had authority to try the title to the property and proceeds of the sale thereof, and to decide and dispose of the conflicting claims thereto.

The respondent did not show by any competent witness or testimony that the title of any of the property, or of the proceeds of the sale thereof, mentioned and described in the petition herein, was ever acquired by Lottie Thomas or that she ever had title thereto.

The only witness called by the respondent was John W. Thomas, the respondent. The respondent attempted to prove by the testimony of the witness that he gave to the said Anna J. Everitt all of the proceeds of the auction sale except the sum of twenty-five dollars, with which he paid the auctioneer for his services. This line of testimony was objected to on the part of the petitioners upon the ground that the witness was incompetent to testify to any personal communication or transaction with the decedent, Anna J. Everitt, and that the answer to the question called for such a communication and was incompetent, improper and immaterial. Said objections were sustained.

The proofs and allegations of the parties and the arguments of counsel having been heard, and having duly considered briefs of counsel, now, after due deliberation, I decide and find as follows:

That Anna J. Everitt, being a resident of the town of Chenango, county of Broome and State of New York, died at the town of

Union, county of Broome and State of New York, October 28, 1925;

That letters of administration with the will annexed of the goods, chattels and credits of Anna J. Everitt, deceased, were duly issued to the petitioners herein by the Surrogate's Court of Broome county on the 8th day of October, 1926, and that such letters are in force and effect and that the petitioners are duly acting as administrators with the will annexed thereunder;

That on or about October 14, 1925, the said Anna J. Everitt was sick at the residence of the said John W. Thomas, the respondent, and that the said John W. Thomas arranged an auction sale of certain personal property of which said decedent, Anna J. Everitt, was the owner, which auction sale was held at the farm of the said Anna J. Everitt, situate in the town of Chenango, county of Broome and State of New York, and that said auction sale was held on or about October 14, 1925, and that the said John W. Thomas, the respondent, had charge of and conducted the said sale, and that he received the proceeds of the said auction sale, and that the proceeds of said auction sale so received by him aggregated the sum of $1,423.90;

That the said John W. Thomas, out of the proceeds of said auction sale, paid certain disbursements, and that there were certain other items with which the said respondent should be credited and should be deducted from the said sum of $1,423.90, which items are as follows:

| | | |
|---|---:|---:|
| Cash paid to auctioneer for his services | $25 | 00 |
| Cash paid to clerk of auction for his services | 5 | 00 |
| One promissory note never paid to respondent | 86 | 60 |
| Hay returned | 24 | 01 |
| Pochilli paid to Burr W. Mosher, one of the administrators | 7 | 00 |
| | $147 | 61 |

That the said respondent, John W. Thomas, is in possession of the sum of $1,276.29, the net proceeds of said auction sale, to the immediate possession of which the petitioners are entitled;

That the said John W. Thomas has had possession of the said $1,276.29 since October 14, 1925, and that he should be charged with interest thereon from June 21, 1926, the date of the appointment of the temporary administrators of the said estate;

That he should immediately pay to the petitioners, Burr W. Mosher and William A. Leamon, the said administrators with the will annexed, the said sum of $1,276.29, with interest thereon from June 21, 1926, and that a decree may be entered accordingly.