In the Matter of SERVAS DE WIND and LOUISE DE WIND, Infants.

Surrogate's Court, Wayne County, September 12, 1932.

*James D. Hurley*, for the petitioners.

*M. M. Kelly*, for Joseph A. Broderick, as State Superintendent of Banks.

GILBERT S. On May 2, 1930, letters of guardianship of the property of each of the above-named infants were issued out of this court to Arcadia Trust Company of Newark, N. Y. On or about the 9th day of June, 1932, pursuant to section 57 of the Banking Law, Arcadia Trust Company was taken over for liquidation by the State Superintendent of Banks. A proceeding has been brought in behalf of each of the infants to revoke the letters of guardianship heretofore issued to Arcadia Trust Company; for an accounting by the trust company; for the appointment of a new guardian, and for an order directing payment over to the new guardian of the assets of the trust estates.

Such proceedings have been had in this court on these applications that on July 12, 1932, an order was made in each matter revoking the letters of guardianship theretofore issued to Arcadia Trust Company and appointing a new guardian for each infant. This order also directed the State Superintendent of Banks in charge of Arcadia Trust Company in liquidation to file accounts of the administration of the trust estates by the said trust company and to present the accounts for settlement by this court. An account in each matter has been filed and has been approved by the court and the question now remains as to the disposition

of the balance of the trust funds found to remain on hand in the possession of the State Superintendent of Banks as such liquidator.

It is maintained by the State Superintendent of Banks that these funds cannot be turned over to the successor guardian at this time but must be held awaiting an application to be made to the court in the course of the liquidation to determine and fix priority claims against the assets of the bank, pursuant to sections 72–78 of the Banking Law.

On the other hand, the successor guardian maintains that she is entitled to immediate possession of the estates of her wards and that the proceeding brought, so far as it relates to the disposition of the trust funds, is in the nature of a reclamation proceeding.

The answer to this proposition depends upon the relationship existing between the Arcadia Trust Company of Newark, N. Y., and the infants of whom it was guardian, in reference to the trust fund, at the time the bank was taken over for liquidation. If the relation existing between the guardian and its wards was that of debtor and creditor, then, under the most favorable view of the matter, the wards would be entitled to preference in payment under under the liquidation and sections 72 to 78 of the Banking Law would apply and would govern the procedure to be followed. On the other hand, if the relationship of debtor and creditor did not exist, as is contended by the successor guardian, then the question of priority does not arise but the relation is similar to that of bailor and bailee, or is in the nature of a special deposit, and the Arcadia Trust Company, as such, never obtained title to the trust funds and title thereto did not pass to the Superintendent of Banks when he took over the assets of the trust company for liquidation.

There have been numerous decisions since the liquidation of the Bank of the United States which deal with different phases of the law governing deposits in that bank made by persons acting in a representative capacity. Among others: *Matter of Kruger* (139 Misc. 907). In that case an administrator had deposited funds of his estate in the Bank of the United States and it was held that the relation of debtor and creditor existed.

*Sun Holding Corporation* v. *14 West Seventy-second Street Corporation* (140 Misc. 566; appealed and decided by the Appellate Division under the title of *Matter of Bond* v. *Broderick*, 232 App. Div. 468). In this case the committee of an incompetent had deposited funds in the Bank of the United States and it was held on appeal that a summary order for payment should not be made, but that the claim should be enforced in liquidation pursuant to sections 72 to 78 of the Banking Law.

*Matter of Wasserman* v. *Broderick* (140 Misc. 174). In this case

a receiver in foreclosure had deposited moneys in the Bank of the United States and it was held that the deposit was a general deposit and was not entitled to preference.

*Matter of Egan* (258 N. Y. 334). In this case a public administrator had deposited funds of an estate in the Bank of the United States and his right to summary payment or even to preference was denied.

None of these cases are similar to the case at bar as in none of them was the bank itself acting in a fiduciary capacity. In the instant cases the Arcadia Trust Company was itself the guardian of the infants' property and the funds in question did not come into its possession as a deposit by a third party acting in a representative capacity, but came into its possession and were held by it in its representative capacity for the purpose of the guardianship and became in its hand in the nature of a special deposit or bailment for the purposes of the trust only, and it never acquired title to the funds as assets of the bank. It was required by law to invest and administer the funds in its fiduciary capacity and for such services as it performed it was entitled to receive commissions, and was responsible under the law for its management of the trust. No relationship of debtor and creditor could exist or could result from any acts of the guardian. It was not handling its own funds but was restricted by law to legal investments for the benefit of its wards, not for its own benefit. Had the guardian in good faith made legal investments of the trust funds and the same had been lost or depreciated, it would not be liable for the deficiency. Not so if the relationship of debtor and creditor existed for then the question of good faith or of legal investment would have no bearing and the guardian would be responsible dollar for dollar. If any section of the Banking Law pertaining to liquidation is applicable, it would be section 67, mentioned in the decision of the Court of Appeals in *Matter of International Milling Company* (259 N. Y. 77).

Decisions more applicable to the principle involved in the instant cases are *Van Wagoner* v. *Buckley* (148 App. Div. 808); *Matter of Bank of Cuba* (198 id. 733); *Corn Exchange Bank of Chicago* v. *Blye* (101 N. Y. 303), and the very recent case of *Matter of International Milling Company* (*supra*).

Subdivision 6 of section 40 of the Surrogate's Court Act specifically grants to a Surrogate's Court the power to appoint and remove guardians; to compel the delivery and payment of money or other property belonging to their wards; and to direct and control their conduct, and to settle their accounts. This power has been exercised by this court in the instant cases so far as to appoint Arcadia Trust

Company guardian, to remove the said guardian and appoint a successor, and to settle the accounts of the said guardian. I can see no reason why this court should not also direct the payment and delivery of the wards' property, authority to do which is also included in said section.

A decree may be entered accordingly.