In the Matter of the Judicial Settlement of the Accounts of VICTOR W. ABWENDER and Another, as Administrators, etc., of EMIL E. ABWENDER, Deceased, Respondents.

MILDRED L. ABWENDER, Appellant.

Fourth Department, June 27, 1934.

*Ira W. Smith* [*Stanley G. Falk* and *Rhoda V. Lewis* with him on the brief], for the appellant.

*Paul J. Batt*, for the respondents.

LEWIS, J. Our consideration of this appeal may be narrowed to evidential rulings which we conclude erroneously invoked the prohibition of section 347 of the Civil Practice Act.

Emil E. Abwender died intestate April 29, 1933, leaving three daughters and two sons. Upon the settlement of his estate the

administrators filed an account which listed as uncollected debts certain personal loans made by the decedent to three of his children. In each instance the administrators have surcharged the distributive share of the three debtor children with the amounts of their alleged indebtedness respectively. We are concerned only with the item of $2,375, surcharged against the distributive share of the appellant Mildred L. Abwender. Her appeal is from a decree of the Surrogate's Court which overruled her objection to so much of the administrators' account as surcharged her distributive share of her father's estate.

From the record before us it appears that for several years prior to her father's death the appellant had been employed as a bookkeeper and assistant manager in an unincorporated dental supply company at Erie, Pa., of which Norman M. Stackhouse was the sole owner. In 1929 the decedent loaned appellant $2,000 by giving her a New York draft, drawn to her order, which she at once indorsed and delivered to her employer for use in his business. No note or evidence of indebtedness by the company or its sole proprietor was given to the appellant or to her father. However, appellant forwarded to her father two notes, signed by her, and thereafter she regularly paid interest upon the notes to the month of her father's death.

The appellant does not deny that the transaction of 1929 constituted a loan to her by her father and that for several years they had so regarded it. She contends, however, that before her father's death he canceled the loan and that accordingly it cannot be properly surcharged against her distributive share of his estate.

At the hearing before the surrogate the administrators gave proof that they had been unable to find among decedent's effects the two notes given to him by the appellant. There was evidence of a meeting of decedent's children on the night following his death when his records and papers were examined in an unsuccessful search for a will. In this connection the testimony disclosed that on that same night, for a period of more than two hours, decedent's papers and books of account were intrusted to the appellant who, in the company of her employer Stackhouse, transported them in her automobile from decedent's apartment to the home of one of his daughters where they were later examined.

It is fair to assume from the testimony given by the administrators upon the subject that they would have the surrogate draw the inference that a period of time in excess of two hours was more than would be reasonably required to convey decedent's papers and effects to the meeting place appointed by her brothers and sisters for the examination mentioned above and that during that

extended interval, while appellant was in the company of Stackhouse, the notes which she had given her father were extracted from his papers. If unexplained by appellant, the proof of her absence for such a period of time and under the circumstances described in the evidence might well have had an adverse effect upon her position in this proceeding.

To meet this proof appellant gave testimony, without objection in the first instance, that she last saw the notes in question when her father was seated in her hospital room on an occasion of her illness. The notes were then lying in torn fragments in a dish upon her tray. Upon objection by the administrators under section 347 of the Civil Practice Act, she was properly denied the right to testify whether her father had himself destroyed the notes and what he said, if anything, at the time.

Up to this point in her testimony we can find no fault with the court's rulings. They pertain to evidence of personal transactions between the appellant — who was " interested in the event "— and her father, during his lifetime, which transactions come within the prohibition of the statute.

The ruling which influences our decision pertained to appellant's testimony concerning her acts *after* her father's death. That ruling struck from the record the entire testimony of the appellant which included evidence given by her as to where she went and what she did on the night of her father's death when his papers — which her brothers and sisters were about to examine, were intrusted to her for transportation from her father's apartment to her sister's home. As the evidence brought forward by the administrators inferred that she was responsible for the loss of the notes in question, she was entitled to explain what took place during the interval of more than two hours while they were in her charge. The basis of the administrators' motion to strike out appellant's entire testimony was the prohibition contained in section 347 of the Civil Practice Act. Nothing can be found in that statute which would preclude proof of appellant's acts occurring *after* decedent's death. We, therefore, conclude it was prejudicial error to deny appellant the opportunity to rebut by competent proof the unfavorable inference left by the administrators' evidence.

Likewise we conclude the learned surrogate erred in striking out the entire testimony of appellant's witness Stackhouse, thereby withdrawing from the consideration of the court proof of a conversation between the appellant and the decedent had in the presence of the witness. That conversation bore directly upon appellant's indebtedness to decedent by reason of the notes in question and was important to her case. It was excluded when

counsel for the administrators again erroneously invoked section 347 of the Civil Practice Act.

It cannot be said upon the record proof that Stackhouse was an interested witness within the prohibition of the statute. " The true test of the interest of a witness [within the prohibition of section 347 of the Civil Practice Act] is that he will either gain or lose by the direct legal operation and effect of the judgment, or, that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest and not an interest uncertain, remote or contingent." (*Laka* v. *Krystek*, 261 N. Y. 126, 130; *Hobart* v. *Hobart*, 62 id. 80, 84; *Nearpass* v. *Gilman*, 104 id. 506, 509; *Albany County Savings Bank* v. *McCarty*, 149 id. 71, 84; *Franklin* v. *Kidd*, 219 id. 409, 412.)

Applying the rule quoted above to the witness Stackhouse, he will neither gain nor lose by any decree which may result in this proceeding. Nor could the record before us of the trial of appellant's objection to the administrators' account be legal evidence for or against him in some other action. He owes decedent's estate nothing. His debt, if any exists, is to the appellant personally for the money loaned by her. The outcome of this proceeding will have no legal effect upon that obligation.

If, therefore, he is not an interested witness within section 347 of the Civil Practice Act that statute cannot be invoked to preclude proof by him of a conversation had in his presence between the appellant and the decedent. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420, 425.)

The decree overruling appellant's objection to the administrators' account should be reversed on the law and the matter remitted to the Surrogate's Court for a new trial of such objection, with costs to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON. CROSBY and LEWIS, JJ.

Decree so far as appealed from reversed on the law and matter remitted to the Surrogate's Court for a new hearing, with costs to the appellant to abide the event.