In the Matter of the Estate of BEN SALTZMAN. Deceased. ESTHER SALTZMAN, Appellant; MAX SALTZMAN et al., Respondents.— In a discovery proceeding pursuant to statute (Surrogate's Ct. Act, §§ 205, 206), the decedent's widow, Esther Saltzman, administratrix with the will annexed, appeals from a decree of the Surrogate's Court, Kings County, entered November 14, 1963 after a nonjury trial, dismissing her petition and supplemental petition, in which she alleged that decedent's two brothers, Charles Saltzman and Max Saltzman (and the latter's wife Sophie) were in possession and control of the proceeds of three certain bank accounts of decedent which should be delivered to petitioner as administratrix. Respondent Charles Saltzman asserted the defense that he had withdrawn the funds in cash from one bank account, on withdrawal slips, signed in blank by decedent, and that he turned over such cash to decedent prior to his death. Respondents Max Saltzman and Sophie Saltzman asserted the claim that decedent made a gift *inter vivos* to

Max of the proceeds of the other two bank accounts by indorsement in blank of checks issued by the depository banks, on withdrawal slips, signed in blank by decedent. Decree reversed on the law and the facts, with costs to the petitioner payable out of the estate; and, as to respondents Max Saltzman and Sophie Saltzman, petitions granted, without costs; said respondents are directed to pay to petitioner the sum of $19,800, together with interest thereon at the rate payable by the savings banks, representing the total proceeds of the two checks issued by the Dime Savings Bank of Brooklyn and the Kings Highway Savings Bank and thereafter deposited by Max Saltzman in his account in the Manufacturers-Hanover Trust Company and turned over, in whole or in part, by him to his wife Sophie Saltzman; and, as to respondent Charles Saltzman, the proceeding is severed, without costs and a new trial granted as between him and the petitioner. Findings of fact implicit in the Surrogate's decision which may be inconsistent herewith are reversed, and new findings are made as indicated herein. With respect to the respondents Max Saltzman and Sophie Saltzman, the proof adduced by them failed to establish their claim of a gift *inter vivos*. Their proof was not so clear, convincing and satisfactory, as to sustain their burden of establishing gifts *inter vivos* of the two checks in issue. They failed to show the indispensable elements of decedent's intent and delivery with respect to the two checks. The documentary proof they supplied showed merely that decedent indorsed these checks in blank, and that they were thereafter deposited in the bank account of respondent Max Saltzman. The mere proof of such indorsement and deposit of the checks did not spell out the requisite donative intent and delivery for the sole purpose of making a gift thereof to said respondent. With respect to the respondent Charles Saltzman, it is our opinion that the determination is against the weight of the credible evidence and that a new trial should be had upon the issues raised as between such respondent and the petitioner. Upon such a trial it may well be that this respondent will be able to establish by independent proof that he delivered to decedent the proceeds obtained upon the three withdrawal slips presented by respondent to the Savings and Loan Association. Ughetta, Acting P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., concurs in the disposition as to respondents Max Saltzman and Sophie Saltzman and concurs in the reversal as to the respondent Charles Saltzman but dissents as to the granting of a new trial with respect to him and votes to direct judgment requiring him to deliver to the administratrix the sum of $3,003.10 (with interest at 4% per annum), with the following memorandum: In my opinion, Charles was barred by the provisions of section 347 of the Civil Practice Act (now CPLR 4519) from testifying as to his conversations with the decedent and as to the transactions involving the alleged payments by him to the decedent of the proceeds of three withdrawal slips presented by Charles to the Terrace Savings and Loan Association, in which the decedent had a share purchase account. Despite Charles' protestations that he made no claim with respect to the proceeds, in truth and in law he was making a claim that he obtained the proceeds and paid them to the decedent. Indeed, in his answer in this proceeding he admitted the withdrawal of the moneys on deposit, but claimed payment to the decedent. Hence, Charles was a person "interested in the event" within the meaning of the statute, for he stood to gain or lose by the direct legal operation of the judgment (*Friedrich* v. *Martin*, 294 N. Y. 588, 595; *Matter of Abwender*, 241 App. Div. 566, 569). Payment by an agent to a deceased principal in discharge of the agent's obligation is a transaction included within the statutory ban (*Matter of Everitt*, 144 Misc. 102, 104; cf. *Matter of Ennever*, 116 Misc. 32). Nor did

the administratrix waive the incompetency of the testimony by calling Charles as her witness to testify concerning his presentation of the withdrawal slips and his receipt of the proceeds at the office of the savings and loan association. No testimony was thereby adduced with respect to any conversation or transaction with the decedent, and when, on cross-examination by Charles' own attorney, the administratrix objected to questions relating to Charles' direct transactions with the decedent, the objection should have been sustained under section 347 of the Civil Practice Act (*Matter of Glasgow,* 209 App. Div. 884, cf. *Griswold* v. *Hart,* 205 N. Y. 384; *Clift* v. *Moses,* 112 N. Y. 426, 437). Absent the testimony of the alleged payments by Charles, the record supports only the conclusion that he has not accounted for the proceeds of the withdrawals concededly made by him from the decedent's bank deposit. In my opinion, a new trial cannot change the result.