In the Matter of the Trust Estate Created by and under the Provisions of the Last Will and Testament of ELIAS P. HOWELL, Deceased.

ARCADIA TRUST COMPANY OF NEWARK, N. Y., in Liquidation, Acting through JOSEPH A. BRODERICK, as Superintendent of Banks, Appellant; EDITH K. TUTHILL, Respondent.

Fourth Department, November 30, 1932.

*Myric M. Kelly* [*Charles P. Williams* of counsel], for the appellant.

*Lewis A. Gilbert,* for the respondent.

EDGCOMB, J. On June 9, 1932, the Superintendent of Banks of the State of New York, in conformity with the provisions of section 57 of the Banking Law, took possession of the business and property of the Arcadia Trust Company, a banking corporation, and proceeded to liquidate its affairs.

The trust company had been acting as trustee of a trust estate created under the last will and testament of Elias P. Howell, deceased, and had received the sum of $7,195, the proceeds of the sale of certain real property belonging to decedent.

Within three weeks after the institution closed its doors this proceeding was instituted for the appointment of a successor trustee, and for an accounting of the trust fund. An account was filed which showed that said trustee had invested $5,000 of the funds of the estate in legal bonds, and had deposited the balance, $2,195, with itself in an interest-bearing account. The court approved the account as filed, appointed a new trustee, and ordered the Superintendent to pay over at once to the newly-appointed trustee the securities and cash on hand belonging to said estate.

The Superintendent of Banks appeals from that part of the order which directs him to pay over to the successor trustee the cash on hand.

Sections 72 to 78, inclusive, of the Banking Law provide a complete and comprehensive plan for the proof of claims against a bank in the process of liquidation. In brief, the statute provides that notice shall be given to all creditors, who may have claims against the corporation, of the last day upon which such claims may be presented; that the Superintendent shall accept or reject the claims which are filed, and give notice of his action; that the Superintendent shall not determine priorities; that at any time after the date fixed by the Superintendent for the presentation of claims the Supreme Court may by order authorize the Superintendent upon his application to declare out of the funds remaining in his hands one or more dividends, and that the order shall specify what claims, if any, are entitled to priority of payment.

No attempt was made to comply with the provisions of the statute in the instant case. The Superintendent has given no notice of the filing of claims against the bank, and this order was made, not on his application, but on that of one of the beneficiaries of the trust, who attempts to have the rights of this trust estate determined in advance of those of the other creditors.

If the relation of debtor and creditor existed between the bank and the trustee, or the beneficiaries of the trust, and if the money owing this trust estate can be said to constitute a claim against the depository bank, the provisions of the statute must be followed,

and the failure so to do demands a reversal of the order appealed from. (*Matter of Egan*, 258 N. Y. 334.)

The advantages of a uniform treatment of all claims against a defunct banking institution are obvious. If the requirements of the statute are permitted to be willfully disregarded, and the Superintendent is called upon to defend the application of any claimant who may desire to have his claim determined and paid forthwith, others may be expected to follow his lead, with a resulting confusion and disruption of the liquidation procedure, and an increased cost of administration. Besides, it is easy to conceive of a situation where the funds would be insufficient to pay the preferred creditors in full. In such a case, if the claimants were permitted to proceed as they saw fit, those making the first move would be paid in full, and others, who came later, would be left out in the cold.

But the petitioner urges that the procedure laid down in the Banking Law does not apply because the bank held this money as bailee, and never acquired title thereto; that the relation of debtor and creditor never existed between the bank and the depositor, and that no question of priority of claims is involved here. Respondents insist that this is a reclamation proceeding, and not one to determine the validity of a claim against the bank, and that, therefore, the successor trustee is entitled to immediate possession of this trust fund without waiting for the liquidation of the assets of the defunct institution.

If the title to this money never vested in the trust company, the court has inherent power to order its delivery to the successor trustee, and the provisions of the Banking Law have no bearing on this proceeding. (*Matter of International Milling Co.*, 259 N. Y. 77.)

A bailee acquires no title to the subject of the bailment, but has only the right to possession. (*Van Wagoner* v. *Buckley*, 148 App. Div. 808.)

The determination of this appeal, therefore, depends upon the nature of the relationship which exists between the bank and the trustee. As before noted, the trust company held this money on deposit in its own name awaiting investment. This it had a right to do. (Banking Law, § 188, subd. 7.) The situation is no different from what it would be if the trustee had deposited this money in some other bank.

Money deposited in a bank becomes the property of the institution, and the relation of debtor and creditor arises between the depositor and the bank. (*Baldwin's Bank* v. *Smith*, 215 N. Y. 76, 82; *Cassidy* v. *Uhlmann*, 170 id. 505, 515; *Critten* v. *Chemical*

*National Bank,* 171 id. 219, 224; *Fowler* v. *Bowery Savings Bank,* 113 id. 450, 453; *Shipman* v. *Bank of State of New York,* 126 id. 318, 326, 327.)

*Matter of International Milling Co.* (259 N. Y. 77), relied upon by respondent, is not controlling here. In that case the Bank of the United States had received for collection a sight draft payable to its order, to which was attached a note stating that the draft was not to be treated as a deposit, but that the funds, when collected, were to be delivered to the drawer, and not commingled with those of the bank. The bank collected the draft, took out its fee, and mailed its cashier's check to the drawer. Before the check was paid the Superintendent of Banks had taken possession of the institution for the purpose of liquidation. The title to the money never vested in the bank. The relation between the parties was that of bailor and bailee, and not that of debtor and creditor. Under these circumstances the provisions of the Banking Law had no application. That is an entirely different situation from the one which we have before us in the instant case.

While the petitioner is doubtless entitled to priority of payment over the general creditors of the defunct trust company (Banking Law, § 188, subd. 8), that preference can only be determined and the claim can only be paid in the manner prescribed by sections 72 to 78 of the Banking Law. That procedure not having been followed, the court was without authority to order the Superintendent of Banks forthwith to pay over to the successor trustee the cash on deposit with the defunct bank, and the order appealed from should be modified by striking out that provision.

All concur.

Order so far as appealed from reversed on the law, with costs, and motion, so far as it relates to the immediate delivery to the successor trustee of the property of the estate other than that invested in bonds, denied.