ESTATE OF KARL WEISS, DECEASED, IRMA NORMAN, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6144. Promulgated February 20, 1946.

*Harold Manheim, Esq.*, for the petitioner.
*Laurence F. Casey, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The decedent was a victim of the German invasion of his country. His partner succeeded in immigrating to this country and in bringing to this country funds belonging to his less fortunate friend. He deposited those funds in a New York bank under his own name and that of a younger man, his son. The peti-

tioner contends that the account was put in the names of others for convenience in aiding the decedent and for safety against German pressure upon him. There is no doubt that the funds in the account belonged to the decedent and were put there solely for his benefit. They were not commingled with any other funds. This was an account for a principal undisclosed to the bank. The arrangement was known to and understood by other persons in addition to the Kroners. A friend made the deposit upon behalf of and solely for the use and benefit of the decedent. The only attempted use of the funds was to aid the decedent to get out of Europe. His death terminated that effort and the entire account was turned over to his administratrix.

The estate tax in the case of a nonresident alien not engaged in business in the United States is imposed only upon property situated in the United States at the date of his death. "Moneys deposited with any person [corporation] carrying on the banking business, by or for" such a decedent, are not deemed property within the United States for this purpose. Sec. 863 (b), I. R. C. The question of whether a deposit such as the one involved herein is "for" the decedent within the meaning of section 863 (b) seems to be one of first impression. No authorities on that precise point have been cited.

The respondent contends that moneys are not deposited "for" such a decedent within the meaning of the code "if the funds were not deposited to his credit or in his name," i. e., unless there is some direct contractual relationship between the decedent and the bank.

The words used must be given their usual meaning, since no reason appears for giving them any special or restricted meaning. Congress did not describe the deposit as one in the name of the decedent or one made directly by him, nor did it mention a direct contractual relationship between him and the bank. If it had intended to limit the application of the section, as contended for by the respondent, it could have found better words to convey that thought. Incidentally, the respondent does not challenge the petitioner's argument, based upon a number of cited cases, that the decedent could have recovered the deposit by a direct suit against the bank.

The use of the words "by or for" indicates that the deposit may be made by someone other than the decedent. A usual meaning of "for" when thus coupled with "by" is "for the use and benefit of" or "upon behalf of." Kroner did not deposit the money for himself as a regularly constituted fiduciary or trustee, as a partner, or as a principal. He held the money only as a friend, it belonged exclusively to the decedent, and was deposited solely for the use and benefit and upon behalf of the decedent. The deposit was for the decedent within the meaning and intendment of section 863 (b), even granting, as the

respondent contends, that that section was intended to exclude only straight bank accounts of decedents and not accounts of others.

The petitioner's case is even stronger in so far as funds were actually withdrawn from the bank account and placed physically outside the United States in the unsuccessful effort to aid him. The respondent has not advanced any sound theory for holding that such property was within the United States. The petitioner concedes that $75 held by Kroner was subject to tax.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

ARNOLD, *J.*, dissents.