ESTATE OF ELIZABETH HAWXHURST DAVEY, DECEASED, ELIZABETH COVERDALE, DAVID MURRAY DAVEY AND MARY M. DAVEY, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12341.    Promulgated March 24, 1948.

*William H. Harrar, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

518

OPINION.

ARUNDELL, *Judge*: Estate tax liability imposed on nonresident aliens not engaged in business in the United States falls only on those owning property situated in this country on the date of death. Money deposits meeting the requirements of section 863 (b) of the Internal Revenue Code [1] are not deemed to be property within the United States for this purpose. The parties have stipulated that the decedent

---

[1] SEC. 863. PROPERTY WITHOUT THE UNITED STATES.

The following items shall not, for the purpose of this subchapter, be deemed property within the United States:

   \*       \*       \*       \*       \*       \*       \*

(b) BANK DEPOSITS.—Any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death.

was a nonresident alien not doing business in this country at the time of her death. Consequently, the questions for decision are whether the funds arising out of the liquidation of the trust principal were deposited "with any person [corporation] carrying on the banking business," and, if so, whether they were deposited "for" the decedent within the purview of this exemption provision.

We have no hesitation in concluding that the funds were "bank deposits" as that term is used in section 863 (b) and as generally understood in banking parlance. Where large banking institutions have separate trust departments, the specialized purpose of which is to serve in a fiduciary capacity, it is common practice for the trust funds to be lodged by the trust department in a general deposit account with the banking department. This is expressly authorized by statute in New York. New York Banking Law, sec. 100 (b). These deposits possess the usual characteristics of general deposits by individual or corporate depositors, in that they are subject to the order or demand of the trust department out of current banking funds, freely commingled therewith, and insured by the Federal Deposit Insurance Corporation.

The bank has been a member of the Federal Reserve System for many years and is subject to the New York banking laws. Because its trust department deposited the moneys derived from the sale of the trust securities in the manner above described, these deposits were clearly of a type which satisfy the statute. Cf. *City Bank Farmers Trust Co.* v. *Pedrick*, 69 Fed. Supp. 517.

Respondent contends that the proceeds were not deposited "for" the decedent, but were held in trust at the time and, therefore, were deposited "for the trustee or custodian thereof acting in a fiduciary capacity." The petitioner urges that it is immaterial whether the funds were held by the bank *qua* trustee, because the statutory requirements of section 863 (b) have been fully satisfied.

In *Estate of Karl Weiss*, 6 T. C. 227, we said:

> The words used must be given their usual meaning, since no reason appears for giving them any special or restricted meaning. Congress did not describe the deposit as one in the name of the decedent or one made directly by him, nor did it mention a direct contractual relationship between him and the bank. If it had intended to limit the application of the section, as contended for by the respondent, it could have found better words to convey that thought.

> \* \* \* \* \* \* \*

> The use of the words "by or for" indicates that the deposit may be made by someone other than the decedent. A usual meaning of "for" when thus coupled with "by" is "for the use and benefit of" or "upon behalf of."

The objective facts are readily apparent and strongly persuasive. The trust indenture expressly provided that the "trust shall be deemed to have been revoked" by the delivery to the trustee of a properly exe-

cuted instrument of revocation by the decedent. The revocation papers, duly executed, acknowledged, and tendered by the decedent, were received-and acknowledged by the bank three months prior to her death. The respondent has not assailed the validity of these documents, which clearly terminated the trust at this point. The accounting was completed by the trustee and acknowledged by the decedent's execution of the receipt and release agreement immediately prior to her death.

With respect to final distribution, neither the trust indenture nor the instrument of revocation required more than the delivery of the trust assets in kind by the bank *qua* trustee. The conversion of the securities into cash was directed by the decedent (and completed prior to her death) under special instructions contained in a letter which was received separate and apart from the order of revocation. It would appear that the act of conversion was performed by the bank, not within the scope of the trustees' powers and duties appropriate for a complete winding up, but as an agent complying with the order of its principal.

On these facts, therefore, we have no doubt that the deposits to which the decedent had a direct, enforceable claim were held "for" her ultimate use and benefit. Accordingly, we hold that the cash in the amount of $39,002.71 on deposit with the bank at the decedent's death, awaiting transmittal to her, is not subject to the estate tax.

Reviewed by the Court.

*Decision will be entered under Rule 50.*