**PENNSYLVANIA CO. FOR BANKING & TRUSTS v. UNITED STATES.**
Civ. A. No. 10597.

United States District Court
E. D. Pennsylvania.

June 13, 1950.

Philip M. Hammett, Philadelphia, Pa., for plaintiff.

Andrew D. Sharpe, and Elizabeth B. Davis, Dept. of Justice, Washington, D. C., for defendant.

McGRANERY, District Judge.

This is a suit brought for the refund of taxes paid, and the matter comes before the Court on plaintiff's motion for summary judgment. The legal question thus raised is whether the principal and accrued interest of certain United States bonds issued after March 1, 1941, which were owned by a non-resident alien individual who did no business in this country, and which were physically located here, are subject to the Federal estate tax. (Inasmuch as there is a question as to the value of the bonds, if they are includible in the gross estate, the Government has not filed a cross-motion for judgment to be entered in its favor.) Prior to March 1, 1941, the Treasury Department had taken the position that such bonds were not includible in the gross estate. Treas. Res. 70, promulgated under the Revenue Act of 1926, Art. 11; Treas. Reg. 80 (1934 ed.), Art. 11; Treas. Reg. 80 (1937 ed.), Art. 13. But on that date, the Commissioner amended his regulations to require bonds thereafter issued to be included. See Treas. Reg. 105, Sec. 81.13 (1942). The validity of the amendment is here in issue.

The taxpayer's position is that this class of bonds is exempt from estate tax under Section 4 of the Victory Liberty Loan Act of March 3, 1919, 40 Stat. 1309, 1311, 31 U. S.C.A. § 750, which provided that such bonds shall, while beneficially owned by a non-resident alien individual not engaged in business in the United States, "be exempt both as to principal and interest from

any and all taxation [now or hereafter] imposed * * *." But the Government argues that the Federal estate tax is not a tax on the principal or interest of any property; it is an excise tax imposed on the transfer of property upon death, measured by the value of the property passing. United States Trust Co. of N. Y. v. Helvering, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104; Plummer v. Coler, 178 U.S. 115, 20 S.Ct. 829, 44 L.Ed. 998; Murdock v. Ward, 178 U.S. 139, 20 S.Ct. 775, 44 L.Ed. 1009; Phipps v. Commissioner, 10 Cir., 91 F.2d 627. And hence it is not such a tax as is contemplated by the exempting statute.

The precise issue has received the consideration of both the Tax Court and the Court of Appeals for the Second Circuit, with conflicting resolution. In Estate of Jandorf v. Commissioner, 9 T.C. 338, No. 50, CCH Dec. par. 16,011 (Sept. 12, 1947), the Tax Court decided in favor of the Government and was reversed by the Court of Appeals, (1948) 171 F.2d 464, 466. But in a subsequent decision involving the same issue, the Tax Court, with two dissents declined to follow the Second Circuit and reaffirmed its original position. Estate of de Guebriant v. Commissioner, 14 T.C. ——, No. 79, CCH Dec. par. 17,600 (April 18, 1950). This difference of result follows from different approaches to the basic problem of statutory construction.

That difference of approach centers about a comparison of the exempting phraseology of Section 4 of the Victory Liberty Loan Act with the exempting phraseology of Section 1, 31 U.S.C.A. § 753. Section 1 provides that the notes authorized may be issued "exempt both as to principal and interest from * * * all taxation (except estate or inheritance taxes) * * *." In Section 4, the parenthetical exception is omitted. The Court of Appeals concluded that "The use of the same words of exemption in different sections of the same statute with an expressly declared exception in one case and not in the other, is a strong indication that Congress thought the exemption necessary in order to exclude estate and inheritance taxes from the broad words of the exemption provision." The Court found this con-

clusion borne out by certain statements made on the floor of the Senate and House of Representatives in connection with the Fourth Liberty Bond Act and the Victory Liberty Loan Act, 31 U.S.C.A. § 749 et seq. Furthermore, the Treasury Department itself for twenty years prior to 1941 construed the statute as granting exemption with respect to the estate tax. Consequently, the Court was not persuaded by the cases supporting the proposition that a provision exempting United States bonds from taxation as to principal and interest, without more, relates exclusively to direct taxation of them as property.

The Tax Court, on the other hand, thought that the absence of the specific exception in Section 4 to be of no particular significance because its presence would have constituted nothing more than a clarification of the intent to limit tax exemption to the bonds as property. It did not find, either in the statute or the records of the Congressional committee, a clear intention to exempt the bonds in question from the Federal estate tax, in addition to all taxes on principal and interest. And it declares, in its Jandorf opinion, supra, that "Those who seek an exemption from tax must rest it on more than a doubt or ambiguity. Exemptions from taxation cannot rest on mere implications. United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40."

The problem posed is a difficult one and there are objections to the complete acceptance of either answer given. It may be questioned whether Congressional use of language, authoritatively interpreted by the Supreme Court, can be taken to mean something different when subsequently used, without an express and explicit indication of intent to that effect. The wording of Section 4 of the 1919 Victory Liberty Loan Act is substantially the same as the language in the Act which received construction in Murdock v. Ward, supra. However, the variation between Section 1 and Section 4 cannot merely be dismissed as meaningless. One may, certainly, draw from it an inference of Congressional intent. The question is whether or not all the circumstances impel an inference strong enough to overcome the ambiguity.

In the light of the legislative history, as detailed in the opinion of the Court of Appeals, and in view of the twenty year construction of the statute by the Treasury Department prior to 1941, I am constrained to follow the conclusion of the Second Circuit in the Jandorf case, that Section 4 discloses the intent of Congress to grant exemption from the Federal Estate Tax with respect to bonds beneficially owned by a non-resident alien decedent, and that the 1941 amendment to the Regulations is invalid.

Accordingly, summary judgment for the plaintiff will be granted.