ESTATE OF FREDERICKA LOEWENSTEIN, DECEASED, MAX S. LOWENSTEIN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.*

Docket No. 25414. Promulgated May 24, 1951.

*Kenneth Carroad, Esq.*, and *Herbert D. Cohen, Esq.*, for the petitioner.

*Pershing W. Burgard, Esq.*, for the respondent.

*Opinion vacated by order dated June 21, 1951, and replaced by new opinion dated July 23, 1951, 17 T. C. 60.

1154

OPINION.

LeMire, *Judge:* Our first question is whether the United States Government bonds, and accrued interest thereon, are includible in decedent's gross estate under section 811, Internal Revenue Code. Petitioner contends that the bonds and interest are exempt from tax under section 750 of Title 31 of the United States Code, 1940 edition.[1]

---

[1] Notwithstanding the provisions of sections 745, 747, 752–754b, 757, 757b, 757c, 758, 760, 764–766, 769, 771, 773, 774 and 801 of this title, or of any other law, bonds, notes and certificates of indebtedness of the United States and bonds of the War Finance Cor-

Petitioner relies upon *Jandorf's Estate* v. *Commissioner*, 171 F. 2d 464. In that case the Court of Appeals for the Second Circuit held that the United States postwar bonds, as well as those issued before March 1, 1941, beneficially owned by nonresident aliens not engaged in business in the United States were exempt from estate tax. In so holding the court reversed 9 T. C. 338, where we held that the statutory exemption applied to direct taxes only and not to Federal estate taxes. *Jandorf's Estate* v. *Commissioner*, *supra*, was followed by the. United States District Court for the Eastern District of Pennsylvania in *Pennsylvania Co. for Banking & Trusts* v. *United States*, 91 F. Supp. 237, affd. (C. A. 3), 185 F. 2d 125, and by the United States District Court for the Southern District of New York in *Chemical Bank & Trust Co.* v. *Pedrick*, (unreported) affd. (C. A. 2), 185 F. 2d 1022.

The question was again before us in *Estate of Irene de Guebriant*, 14 T. C. 611. There we adhered to our ruling in the *Jandorf* case, saying:

\* \* \* After a thorough and comprehensive discussion of the issue, we there decided that the exemption provided for nonresident aliens not engaged in business in the United States applies to direct taxes on the principal or interest of United States bonds and does not apply to the Federal estate tax, which is an excise tax imposed upon the transfer of property at death. This view is supported by a long line of authority, including *Plummer* v. *Coler*, 178 U: S. 115; *Murdock* v. *Ward*, 178 U. S. 139; *Phipps* v. *Commissioner*, 91 Fed. (2d) 627; *Hamersley* v. *United States*, 16 Fed. Supp. 768; and *United States Trust Co. of New York* v. *Helvering* 307 U: S. 57. We are aware that our decision was reversed by the Court of Appeals for the Second Circuit in *Jandorf* v. *Commissioner*, 171 Fed. (2d) 464, but, with due deference to its views, we remain convinced of the soundness of our position as expressed in our own decision therein and adhere to it in this proceeding. \* \* \*

While we are reluctant to reassert our disagreement with the views expressed by the courts in those cases, we nevertheless feel that we must do so. There is nothing in what the courts have said to afford any basis for a re-examination of our position on the question; and while our conclusion may be wrong we are at the present time unwilling to adopt the contrary one.

The respondent argues that there are factual differences which distinguish the case now under consideration from the other cited cases, namely, that the bonds in question were:

\* \* \* purchased by a United States trust doing business in the United States with surplus funds having their origin in the United States. The decedent had never possessed the beneficial ownership of these bonds. She was not at any time entitled to the income therefrom, only the net income from the trust itself after the deduction of the trustee's commissions and other expenses.

poration shall, while beneficially owned by a nonresident alien individual, or a foreign corporation, partnership, or association, not engaged in business in the United States, be exempt both as to principal and interest from any and all taxation imposed on July 9, 1918, or thereafter by the United States, any State, or any of the possessions of the United States, or by any local taxing authority. (July 9, 1918, ch. 142, § 3, 40 Stat. 845; Mar. 3, 1919, ch. 100, § 4, 40 Stat. 1311.)

The only condition which the statute imposes as to the ownership or source of the bonds is that they be "beneficially owned by a nonresident alien individual." Since decedent at the time of her death was the sole beneficiary of the trust in which the bonds were held it must be recognized, we think, that she was the beneficial owner of the bonds. For reasons fully discussed in our prior opinions involving the question of the exemption of the bonds, however, we hold that they are not exempt from estate tax.

Our next question is whether the cash deposits held in the bank accounts of the trust are excludible from the gross estate under section 863 (b), Internal Revenue Code.[2] The decedent being a nonresident alien not engaged in business in the United States, the question is whether the funds were "deposited with any person carrying on the banking business, by or for" her. We think that they were not. The funds were not profits or distributable income of the trust but were funds which the trustee had deposited in the bank account of the trust for his use as trustee. They had never been segregated from the general funds of the trust. They had not been "deposited" for the decedent as the income beneficiary of the trust. The funds here, like those in *City Bank Farmers Trust Co.* v. *Pedrick* (C. A. 2), 168 F. 2d 618, certiorari denied, 335 U. S. 898, were held in an active trust. The trust there had been created by a nonresident alien for himself and his wife. The grantor had the power at any time to revoke the trust, with the consent of the trustee, and recover all or part of the trust funds, although at the date of his death he had not done so. The court held that the funds were not a bank deposit within the meaning of section 863 (b).

The *de Guebriant* case, *supra*, also contained a question of exempt bank deposits. The funds there had been held by a trust but at the time of decedent's death the trust had been terminated and the funds were subject to her unconditional use. It was on that ground that we distinguished *City Bank Farmers Trust Co.* v *Pedrick*, *supra*, in holding that the funds were exempt under section 863 (b).

The petitioner cites *Estate of Karl Weiss*, 6 T. C. 227. That case, too, is readily distinguishable from the instant case. There the funds in question had been deposited in a New York bank for the nonresident alien by a friend and, for reasons of security, in the friend's name. We found that the funds were intended for the exclusive use of, and belonged to, the nonresident alien and were therefore exempt from

---

[2] SEC. 863. PROPERTY WITHOUT THE UNITED STATES.

The following items shall not, for the purpose of this subchapter, be deemed property within the United States:

  *      *      *      *      *      *      *

(b) BANK DEPOSITS.—Any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death.

estate tax under section 863 (b). However, we pointed out in our opinion that the friend "did not deposit the money for himself as a *regularly constituted fiduciary or trustee.*" (Emphasis added.) Cf. also *Estate of F. Herman Gade*, 10 T. C. 585, where the money was held by the bank in an "agency" account subject to the owner's instructions. Also distinguishable is *Estate of Elizabeth Hawxhurst Davey*, 10 T. C. 515, where the funds had belonged to a trust which a nonresident alien had revoked and, at the time of her death, were being held by the bank in its own name " as trustee" for transmittal to her.

Thus, the cases all seem to be in agreement that funds held in an active trust for the benefit of the nonresident alien are not "monies deposited * * * by or for" him within the meaning of section 863 (b).

The final issue relates to the valuation of the six parcels of real estate held in the trust. We have determined the value of each property, as set out in our findings of fact above, in accordance with the evidence before us. The value determined by the respondent in each instance was the price at which the property was sold by the trustee subsequent to the date of decedent's death.

The evidence as a whole shows, we think, that the prices at which the properties were sold, one in 1945, four in 1946 and one in 1947, were somewhat higher than the values at the date of decedent's death, July 12, 1945. One of the reasons for this, according to the evidence, was a sharp advance in real estate prices, particularly of apartment properties such as most of these were, after the close of the war with Japan in the latter part of the summer of 1945. Taking all the factors shown by the evidence into consideration, we have determined the values of the several parcels as set out above in our findings of fact.

*(Opinion vacated, June 21, 1951.)*