OPINION. LeMire, Judge: Our first question is whether the cash deposits held in the bank accounts of the trust are excludible from the gross estate under section 863 (b), Internal Revenue Code.[1] The decedent being a nonresident alien not engaged in business in the United States, the question is whether the funds were “deposited with any person carrying on the banking business, by or for” her. We think that they were not. The funds were not profits or distributable income of the trust but were funds which the trustee had deposited in the bank account of the trust for his use as trustee. They had never been segregated from the general funds of the trust. They had not been “deposited” for the decedent as the income beneficiary of the trust. The funds here, like those in City Bank Farmers Trust Co. v. Pedrick (C. A. 2), 168 F. 2d 618, certiorari denied 335 U. S. 898, were held in an active trust. The trust there had been created by a nonresident alien for himself and his wife. The grantor had the power at any time to revoke the trust, with the consent of the trustee, and recover all or part of the trust funds, although at the date of his death he had not done so. The court held that the funds were not a bank deposit within the meaning of section 863 (b). The de Guébriant case, supra, also contained a question of exempt bank deposits. The funds there had been held by a trust but at tho time of decedent’s death the trust had been terminated and the funds were subject to her unconditional use. It was on that ground that we distinguished City Bank Farmers Trust Co. v. Pedrick, supra, in holding that the funds were exempt under section 863 (b). The petitioner cites Estate of Karl Weiss, 6 T. C. 227. That case, too, is readily distinguishable from the instant case. There the funds in question had been deposited in a New York bank for the nonresident alien by a friend and, for reasons of security, in the friend’s name. We found that the funds were intended for the exclusive use of, and belonged to, the nonresident alien and were therefore exempt from estate tax under section 863 (b). However, we pointed out in our opinion that the friend “did not deposit the money for himself as a regularly constituted flduciai'y or trusteed (Emphasis added.) Cf. also Estate of F. Herman Gcude, 10 T. C. 585, where the money was held by the bank in an “agency” account subject to the owner’s instructions. Also distinguishable is Estate of Elizabeth Hawxhurst Davey, 10 T. C. 515, where the funds had belonged to a trust which a nonresident alien had revoked and, at the time of her death, were being held by the bank in its own name “as trustee” for transmittal to her. Thus, the cases all seem to be in agreement that funds held in an active trust for the benefit of the nonresident alien are not “monies deposited * * * by or for” him within the meaning of section 863 (b). The final issue relates to the valuation of . the six parcels of real estate held in the trust. We have determined the value of each property, as set out in our findings of fact above, in accordance with the evidence before us. The value determined by the respondent in each instance was the price at which the property was sold by the trustee subsequent to the date of decedent’s death. The evidence as a whole shows, we think, that the prices at which the properties were sold, one in 1945, four in 1946 and one in 1947, were somewhat higher than the values at the date of decedent’s death, July 12,1945. One of the reasons for this, according to the evidence, was a sharp advance in real estate prices, particularly of apartment properties such as most of these were, after the close of the war with Japan in the latter part of the summer of 1945. Taking all the factors shown by the evidence into consideration, we have determined the values of the several parcels as set out above in our findings of fact. Decision will be entered under Rule 50. SEC. 863. PROPERTY WITHOUT THE UNITED STATES. The following items shall not, for the purpose of this subchapter, be deemed property within the United States : ******* (b) Bank Deposits. — Any moneys deposited with any person carrying <5n the banking business, by or for a nonresident not a citizen of the United States who was not engaged In business in the United States at the time of his death.