ESTATE OF MERTYN S. BRADFORD-MARTIN, DECEASED, MARGARET BRADFORD-MARTIN, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29499. Promulgated June 19, 1952.

*Henry L. Steitz, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* This proceeding arises from a determination of a deficiency in estate tax in the amount of $1,823.87. An estate tax return for the decedent's estate was filed with the collector for the second district of New York.

The facts are not in dispute. The parties have filed a stipulation of all of the facts.

Mertyn S. Bradford-Martin and Benjamin R. Bradford-Martin were brothers; both were nonresident aliens having their domicile in the Island of Jersey, one of the Channel Islands in the English Channel, both were British subjects; and both at the times of their

respective deaths had not been engaged in business within the United States.  Benjamin died, testate, in Burma, on March 16, 1946, while on active duty with the British Army.  Mertyn died on September 20, 1947, in India, while on active duty with the British Army.  They were survived by their mother, Margaret Bradford-Martin, and she was appointed the administratrix of the estate of each by the Ecclesiastical Court of the Island of Jersey on the respective dates, September 4, 1946, and September 8, 1948.

Benjamin owned, at the time of his death, personal property consisting of United States Treasury bonds, issued December 1, 1944, cash deposited in a bank account with the United States Trust Company, and a trust created in 1929, all of which was located in New York City.  In his last will, Benjamin devised and bequeathed his residuary estate, including "what legally becomes his through my Trust Fund [in New York]," to Mertyn.  The bank deposit in New York with United States Trust Company and United States Treasury bonds (see below) were part of Benjamin's residuary estate.  Also, under the law of the Island of Jersey, Mertyn was the sole heir at law of Benjamin.  Margaret Bradford-Martin, as the administratrix of the estate of Benjamin, designated the United States Trust Company of New York to apply for ancillary letters of administration of the estate of Benjamin to collect the funds and property due to Benjamin's estate in administration in the Island of Jersey, and the Surrogate's Court of New York County issued ancillary letters of administration to the United States Trust Company on November 8, 1946.  At the date of Mertyn's death, on September 20, 1947, the ancillary administrator in New York County of Benjamin's estate, still held the cash and bonds which are the subjects of the issues presented by this proceeding.

The United States Trust Company of New York held and received, as ancillary administrator of Benjamin's estate, the following:

| | |
|---|---|
| Two per cent United States Treasury bonds, in the principal amount of $8,000, accrued interest $287.40; issued Dec. 1, 1944_____ | $8,287.40 |
| Bank deposits, cash, in the United States Trust Company_____ | 10,799.11 |
| Cash, final distribution from Benjamin's trust dated July 24, 1929, distributed on Dec. 3, 1948_____ | 86.34 |
| Total_____ | $19,172.85 |

The United States Trust Company held the above property, as ancillary administrator, on September 20, 1947, the date of Mertyn's death.  The total expenses of the ancillary administrator amounted to $1,590.14, which expenses were paid after September 20, 1947, leaving net assets of $17,582.71.  There were no creditors of Benjamin in New York State on and after the date of his death.

In the estate tax return which was filed for the estate of Mertyn, for the petitioner in this proceeding, the net value of the property held by the ancillary administrator of the estate of Benjamin, *viz.*, $17,582.71, was not included in the value of Mertyn's gross estate. The Commissioner, upon making the audit of the return for Mertyn's estate, determined that the United States Treasury bonds and the cash on deposit held by the ancillary administrator for the estate of Benjamin were includible in the gross estate of Mertyn; and, accordingly, he increased the value of Mertyn's taxable estate by the net value of $17,582.71.

The petitioner has alleged in her petition in this proceeding that the Commissioner erred in including in the gross estate of Mertyn the United States Treasury bonds and the cash on deposit with the United States Trust Company, which constituted a portion of the net estate of Benjamin in the amount of $17,582.71. The pleadings, therefore, present two issues, first, whether the United States Treasury bonds are includible in Mertyn's gross estate, and, second, whether the cash deposits are includible. The questions arise under subsections (a) and (c) of section 861, and under section 863 (b) of the Internal Revenue Code.

Both issues must be decided for the petitioner and can be disposed of briefly.

## *Issue 1.*

Since the submission of this proceeding for decision, the Congress has amended section 861 so as to clarify the law respecting the inclusion or exclusion of United States Treasury bonds in the gross estate of a nonresident, not a citizen of the United States and not engaged in business in the United States at the time of his death. Section 604 (a) of the Revenue Act of 1951, amended section 861 of the Code by adding new subsection (c) which is set forth in the margin.[1] The new subsection (c) is effective with respect to the estates of decedents dying after February 10, 1939, and it applies to this proceeding. Since the decedent did not die after the date of enactment of the Revenue Act of 1951, namely, October 20, 1951, the United States Treasury bonds in question here are not includible in the gross estate of the petitioner's decedent. The bonds were issued after March 1, 1941, on December 1, 1944, but the statute provides that United States bonds issued on or

[1] SEC. 861 (c). UNITED STATES BONDS.—

For the purposes of subsection (a), the value of the gross estate (determined as provided in section 811) of a decedent who was not engaged in business in the United States at the time of his death—

    (1) shall not include obligations issued by the United States prior to March 1, 1941; and

    (2) shall include obligations issued by the United States on or after March 1, 1941, but only if the decedent died after the date of the enactment of the Revenue Act of 1951.

after March 1, 1941, shall be included in the gross estate of a decedent "only if the decedent died after the date of the enactment of the Revenue Act of 1951."

The rule of law relating to the inclusion or exclusion of United States bonds, issued after March 1, 1941, in the estate of a decedent who was a nonresident, not a citizen, and not engaged in business in the United States at the date of his death, had been in doubt prior to the clarifying statutory provision enacted by section 604 (a) of the Revenue Act of 1951. See *Estate of Fredericka Loewenstein*, 16 T. C. 1152, 1155, and the supplemental report in the same proceeding, 17 T. C. 60 at p. 60; *Estate of Karl Jandorf*, 9 T. C. 338; *Jandorf's Estate* v. *Commissioner*, 171 F. 2d 464, reversing 9 T. C. 338; and *Claflin, Executor* v. *Commissioner*, 186 F. 2d 307, reversing in part *Estate of Irene de Guebriant*, 14 T. C. 611, 620. On brief, the parties have argued the question of law as it stood before the enactment of the clarifying amendment to section 861. The question as argued on brief has become moot. The respondent's determination under this issue has been reversed by the amendment, new subsection (c) of section 861.

*Issue 2.*

The question is whether the cash on deposit in the New York bank shall be deemed to be property within the United States, as the respondent has determined; or not to be property within the United States, as provided by section 863 (b), as the petitioner contends. The question is controlled by *Estate of Anna Floto De Eissengarthen*, 10 T. C. 1277, Commissioner acquiesces, 1950–2 C. B. 2, which is squarely in point under the facts here, and the law of the Island of Jersey which is that upon the death of Benjamin, Mertyn became the owner and entitled to the cash on deposit in the New York bank; and the administrators of Benjamin's estate, both the administratrix in Jersey Island and the ancillary administrator in New York, were only "procurator legalis" for the sole heir under the law of the Island of Jersey, Mertyn, the decedent of this petitioner. The law of the Island of Jersey has been stipulated in this proceeding, and the respondent has admitted that Mertyn was the sole heir at law of Benjamin under the law of their domicile. See also: *Estate of Karl Weiss*, 6 T. C. 227; *Estate of Elizabeth Hawxhurst Davey*, 10 T. C. 515; and *Estate of Irene de Guebriant, supra*, reversed on another point, 186 F. 2d 307; *Estate of Annina F. F. Forni*, 47 B. T. A. 76; *Estate of F. Herman Gade*, 10 T. C. 585. The respondent has erred in including the bank deposit in the amount of $10,799.11, and upon the authority of the above-cited cases his determination is reversed.

The pleadings are not clear with respect to whether an issue is presented which relates to the distribution from Benjamin's trust to the United States Trust Company, as ancillary administrator, of $86.34. The item, if it is in issue, is *de minimis;* and, furthermore, there is no argument on brief directed specifically to the item, and we know nothing about the trust.

In view of the holdings above, it is unnecessary to consider other contentions and arguments of the petitioner.

Since the petitioner and the respondent agree in the stipulation that the petitioner has reserved the right to deduct the amount of additional attorneys' fees, under a Rule 50 recomputation,

*Decision will be entered under Rule 50.*

