CITY BANK FARMERS TRUST COMPANY, as Executor of Last Will and Testament of Clara J. Pineyro, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.
June 16, 1959.

Angulo, Cooney, Marsh & Ouchter-loney, New York City, for plaintiff (Gilbert Frei, New York City, of counsel).

S. Hazard Gillespie, Jr., U. S. Atty., for Southern Dist. of New York, New York City, for defendant (William F. Suglia, Asst. U. S. Atty., New York City, of counsel).

RYAN, Chief Judge.

This suit filed to recover Federal Estate Tax erroneously assessed and wrongfully collected comes to us for trial upon stipulated facts. Jurisdiction is predicated under Section 1346(a) (1), Title 28 U.S.C.

Plaintiff, as Executor of the Last Will and Testament of Clara J. Pineyro, deceased, duly filed a federal estate tax return and paid $5,734.25, the amount of tax shown to be due by the return. Thereafter, upon audit, the Commissioner of Internal Revenue determined the tax due to be $8,807.23, and assessed a deficiency of $3,072.98 with interest of $299.62, totaling $3,372.60. This additional sum plaintiff paid and thereafter duly filed a claim for refund in the amount of $2,811.14; upon disallowance of the refund claim, this suit was filed.

The additional assessment was reached by the Commissioners including in the taxable estate undistributed income cash of $13,722.61 and making several miscellaneous adjustments which are not now in controversy. We are concerned only with the tax computed on the undistributed income cash.

The decedent Clara J. Pineyro died on April 14, 1946, a resident and citizen of France. She had not been engaged in business in the United States.

An agreement had been entered into on February 10, 1909, by Enrique Pineyro and Clara Poey de Pineyro, the parents of decedent, as settlors and the plaintiff, as trustee thereunder. Since December 26, 1927, the date of the death of the decedent's mother, the entire income from the trust fund was payable to the decedent as the sole income beneficiary. It was a New York trust and the laws of that state determine the validity and interpretation of the instrument and of its provisions.

There is but one question presented, namely, whether section 863(b) of the Internal Revenue Code, 26 U.S.C.A. § 863(b), applied at the time of the death of the decedent to the moneys on deposit in the income account of this trust. This section then read:

"§ 863. Property without the United States.

"The following items shall not, for the purpose of this subchapter, be deemed property within the United States:

\* \* \* \* \*

"(b) Bank deposits.—Any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death."

More specifically, the question presented is whether the moneys were deposited with the plaintiff, a person carrying on the banking business, for the decedent.

The Banking Law of New York in Section 100–b, subd. 1. grants to plaintiff Trust Company the following power:

" \* \* \* Any moneys of any such estate or fund awaiting investment or distribution may be held on deposit by such trust company in its own name, \* \* \*; provided that appropriate entries showing the share or interest of each such estate or fund in the moneys so held on deposit shall, at all times, appear upon the records of such trust company."

By Executive Order 8389, 12 U.S.C.A. § 95a note, issued under the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., subsequent to June 17,

1940, further remittances of income to the decedent were restricted. During a part of this period, no remittances of income could be made to the decedent and during the remainder of the period only limited remittances of income for necessary living expenses were permissible. This resulted in the accumulation of income which totaled $13,772.61 on the date of her death. This balance was otherwise distributable to the decedent as income.

All income received by the plaintiff as trustee during this period was held uninvested and appropriate entries showing the deposits of such income, the remittances and the balance on hand appear on records maintained by the plaintiff with respect to the income of its trust, entitled as follows:

"CBFT Co. TTEE Clara Juana Pineyro UA 2/10/09 Income"

This abbreviated title meant:

"City Bank Farmers Trust Company as Trustee for Clara Juana Pineyro under an Agreement Dated February 10, 1909, Income Account"

The Plaintiff was at all pertinent times a trust company organized under the laws of New York, authorized to accept deposits of individuals and corporations whether acting in an individual or a fiduciary capacity, and was a member of the Federal Reserve System.

The moneys in the income account of this trust were awaiting distribution and were held by the plaintiff together with its other trust funds in its banking business. The entries appearing on the statement of account (Exhibit "C") are the "appropriate entries showing the share or interest" of the income account of this trust in the moneys deposited by the trust department of the plaintiff with its own banking department in its own name. As trustee, the plaintiff held as an asset of this trust merely a deposit made with its own banking department.

Similarly, the Federal Reserve Bank of New York recognized (as evidenced by Exhibit "D") that funds held by the plaintiff as trustee would be deposited in its banking department for use in the conduct of its business. The relationship which resulted was that of debtor-creditor. There was no cash or specific security held by the plaintiff trust company as trustee. It was plainly and simply a bank deposit. The nature of such a deposit was considered in Matter of Howell's, Estate, 237 App.Div. 56, 260 N.Y.S. 510, 512, where it was held:

"The determination of this appeal, therefore, depends upon the nature of the relationship which exists between the bank and the trustee. As before noted, the trust company held this money on deposit in its own name awaiting investment. This it had a right to do. Banking Law, § 188, subd. 7. The situation is no different from what it would be if the trustee had deposited this money in some other bank.

"Money deposited in a bank becomes the property of the institution, and the relation of debtor and creditor arises between the depositor and the bank. Baldwin's Bank [of Penn. Yan] v. Smith, 215 N.Y. 76, 82 [109 N.E. 138 L.R.A.1918F, 1089]; Cassidy v. Uhlmann, 170 N.Y. 505, 515 [63 N.E. 554]; Critten v. Chemical National Bank, 171 N.Y. 219, 224 [63 N.E. 969, 57 L.R. A. 529]; Fowler v. Bowery Savings Bank, 113 N.Y. 450, 453 [21 N.E. 172, 4 L.R.A. 145]; Shipman v. Bank of State of New York, 126 N.Y. 318, 326, 327 [27 N.E. 371, 12 L.R.A. 791]."

The nature of trust funds as bank deposits under New York law was also considered in Estate of Elizabeth Hawxhurst Davey, 10 T.C. 515, at page 519, where the Tax Court held:

"We have no hesitation in concluding that the funds were 'bank

deposits' as that term is used in section 863(b) and as generally understood in banking parlance. Where large banking institutions have separate trust departments, the specialized purpose of which is to serve in a fiduciary capacity, it is common practice for the trust funds to be lodged by the trust department in a general deposit account with the banking department. This is expressly authorized by statute in New York. New York Banking Law, sec. 100(b). These deposits possess the usual characteristics of general deposits by individual or corporate depositors, in that they are subject to the order or demand of the trust department out of current banking funds, freely commingled therewith, and insured by the Federal Deposit Insurance Corporation.

"The bank has been a member of the Federal Reserve System for many years and is subject to the New York banking laws. Because its trust department deposited the moneys derived from the sale of the trust securities in the manner above described, these deposits were clearly of a type which satisfy the statute. Cf. City Bank Farmers Trust Co. v. Pedrick, D.C., 69 F.Supp. 517."

■ The Government had restricted the plaintiff in making remittances of income to the decedent during her lifetime; however, no steps were ever taken by the Government to vest this income balance prior to the date of her death. The war time restrictions on this account in no way changed its character as income distributable. Cf. in Estate of F. Herman Gade, 10 T.C. 585; in Estate of Irene De Guebriant, 14 T.C. 611, reversed in part on another ground Claflin v. Commission, 2 Cir., 186 F.2d 307. The moneys belonged to the decedent absolutely and that is why it formed part of her estate.

■ A bank deposit remains a bank deposit even though the Government has forbidden the bank to act on its customer's instructions.

The income balance shall not be deemed property within the United States if it constitutes moneys deposited with a person carrying on the banking business "by or for" the decedent (section 863 I.R.C.). The meaning of the alternative "by or for" was considered in Estate of, Oei Tjong Swan v. Commissioner, 247 F.2d 144, at page 148, where the Court of Appeals for the Second Circuit held as follows:

"The statute, however, uses the words 'by' and 'for' in the alternative. The plain meaning of this usage seems to us to be that when money is deposited either by a nonresident for the benefit of himself or a third person, or by a third person for the benefit of a non-resident, exemption is available if all the other requirements are satisfied."

We considered this precise point in Bank of New York, Trustee (Mary Viva Brooke) v. United States, D.C., 174 F. Supp. 911, at page 917, and concluded:

" * * * that the accumulated income in the hands of the trustee should be excluded from the taxable estate.

"The trust agreement provided that the plaintiff-bank after deducting all proper charges against income should 'pay the same over in quarterly payments to the' decedent 'for and during the term of her life' and 'upon her separate receipt'. The remainder clause of the agreement providing that upon the death of decedent the trust should cease, speaks only of 'the principal of the fund held in trust hereunder'.

"It appears that the income was remitted to the decedent in quarterly payments governed as to amount by an estimate of the net income and of tax and other expenses chargeable to income. Thus, during the administration of the trust, the quarterly payments fell short of the actual amounts which became due and pay-

able to the decedent and which it was her lawful right to receive. At various times this accumulation was remitted to the decedent; however, at the date of death of the decedent there was with plaintiff-bank the sum of $4,641.85 in accumulated and unremitted income.

"It is the contention of the plaintiff-bank that this was money on deposit 'by or for a nonresident not a citizen of the United States who was not engaged in business in the United States' at the time of death, within the meaning of Section 863 (b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 863(b). It is undisputed that decedent was a non-resident and not a citizen of the United States and was not engaged in business in the United States at the time of death.

"This accumulated income was not 'hedged about with restrictions'; the decedent could withdraw it any time she elected so to do 'without resort to negotiation at least, and after that to a court'; and it is this which makes 'the vital difference' and brings this fund within the exemption granted by the statute (quotations from L. Hand, J., in City Bank Farmers Trust Co. v. Pedrick, 2 Cir., 1948, 168 F.2d 618, 620 (48–I USTC Par. 10, 622))."

There were no restrictions under the terms of the trust instrument on the income account of the Pineyro trust; the entire net income of the trust belonged to the decedent and as each item of income was deposited in the income account it was deposited for the account of the income beneficiary and for no one else.

We conclude that the sums on deposit in the income account of the Pineyro trust do not constitute property situated within the United States subject to inclusion in the gross estate of said decedent for the purposes of the Federal Estate Tax. Judgment is awarded plaintiff. Settle judgment on 5 days' notice.