ESTATE OF RODOLFO OGARRIO (DAGUERRE), DECEASED, FRANK RASHAP, ANCILLARY ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 89850. Filed May 7, 1963

*Monroe Collenburg,* for the petitioner.
*Lionel Savadove* and *Philip Shurman,* for the respondent.

OPINION

RAUM, *Judge:* 1. *Whether proceeds of sale of securities qualified as "bank deposits" under section 2105.*—Rodolfo Ogarrio had already died when Bache & Co., on January 17, 1957, delivered its check to the Hanover Bank for his account. Had that check been deposited in his account prior to his death, say on January 16, 1957, when the sale of the securities had been completed, there would be no problem here, because the amount on deposit in the decedent's account at the Hanover Bank would not be subject to our estate tax. Although a nonresident alien's gross estate is determined by reference to his property "situated in the United States" (sec. 2103, I.R.C. 1954), the Code explicitly excludes therefrom "any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death" (sec. 2105). Accordingly, since Ogarrio was a nonresident alien not engaged in business in this country, any funds on deposit in his bank account at the time of his death would have been excluded from his taxable estate.

Petitioner insists, however, that the proceeds of the sale of the Texas Co. stock are nevertheless excludable as "bank deposits" under section 2105. We hold otherwise.

It is true, of course, that Bache was indebted to the decedent at the moment of his death in an amount which included the proceeds of that sale. But Bache is not a bank nor does petitioner contend that it is. Petitioner's position appears to be that Bache itself had large amounts on deposit in various banks, that such deposits comprehended the proceeds of sale of the decedent's stock, and that the amount in controversy was in fact on deposit "for" the decedent at the time of his death. The difficulty with that position is that we cannot find on this record that there was any deposit "for" the decedent in any of Bache's various bank accounts.

To be sure, a deposit need not be in the decedent's name, and the statute may be satisfied where it is shown that one acting as trustee or agent for the decedent (whether or not the decedent is an undisclosed principal) makes a deposit in a bank. Cf. *Estate of Lina Joachim,* 22 T.C. 875; *Estate of Mertyn S. Bradford-Martin,* 18 T.C. 544; *Estate of Irene de Guebriant,* 14 T.C. 611, reversed on another issue 186 F. 2d 307 (C.A. 2); *Estate of Anna Floto de Eissengarthen,* 10 T.C. 1277; *Estate of F. Herman Gade,* 10 T.C. 585; *Estate of Elizabeth Hawxhurst Davey,* 10 T.C. 515; *Estate of Karl Weiss,* 6 T.C. 227; *Estate of Annina Fabricotti Fara Forni,* 47 B.T.A. 76; *Bank of New York* v. *United States,* 174 F. Supp. 911 (S.D.N.Y.); *City Bank Farmers Trust Co.* v. *United States,* 174 F. Supp. 583 (S.D. N.Y.). No such showing has been made here. Although Bache may have been acting as agent for the decedent in selling his stock, it was

not acting as agent or trustee for him in making deposits in its various bank accounts. Nothing in the arrangements between Bache and the decedent requires the conclusion that it was his agent or fiduciary in respect of the bank accounts in its name. Those accounts were its own, and the decedent had no beneficial interest therein other than perhaps a priority or lien of some sort (along with all other customers similarly situated) that might relate to all of Bache's resources, whether bank accounts or other unencumbered assets, in the event of Bache's insolvency or bankruptcy. But the moneys were not deposited in Bache's accounts "by or for" the decedent. If the proceeds of the sale of the decedent's stock are to be treated as being on deposit "for" him, in what bank were they held? The record furnishes no answer.

Petitioner seems to argue that since the decedent was a "cash customer" of Bache and since Bache had bank accounts of its own in excess of what it owed the decedent, the Commissioner somehow or other must prove that Bache's bank accounts should not be attributed *pro tanto* to the decedent in order to sustain the deficiency. This is incorrect. The burden is upon petitioner, not upon the Commissioner. It is the petitioner who must show that deposits in one or more of these bank accounts were "for" the decedent to the extent of the amount that Bache owed him.

All of the cases cited above dealt with specific bank deposits or amounts owed by a specific bank, and it was possible to conclude that a specific account was referable, either in its entirety or in part, to the decedent, and that a deposit had been made in such account in behalf of, or "for" the decedent. No such situation exists here. Petitioner has not even attempted to single out any particular account in Bache's name as being "for" the decedent. Nor was Bache under any obligation to pay the decedent out of any of its bank accounts; its obligation was merely to pay the decedent an amount equal to the proceeds of the sale, and it was free to make such payment out of any assets owned or controlled by it whether or not such assets consisted of bank accounts. Moreover, the fact that Bache's obligations to all of its customers at the time of decedent's death exceeded the aggregate of all of its bank balances indicates the unsoundness of attempting to treat those balances as including an amount "for" the decedent equal to the proceeds of sale of his stock. A conclusion that there were funds on deposit "for" the decedent at the time of his death would rest upon a mere fiction. Although it might be tempting to stretch the statute to provide an exemption from tax that seems so tantalizingly close, the fact is that Congress has drawn a clear line and that this case is on the wrong side of that line.

*Estate of Lesley Diana Worthington*, 18 T.C. 796, pressed upon us by petitioner, is distinguishable. That case relied upon the rule ap-

plied in the various other decisions cited above, and the Court seemed to be concerned only with whether the decedent had an unconditional right to the funds in question or whether her sole claim was a mere right to demand an accounting from the executor of her grandfather's will through whom she traced her rights in the assets involved. No consideration appears to have been given in that case to the further question, which we regard pivotal herein, whether the bank accounts themselves may properly be attributed to the decedent, once it is established that the decedent had a direct claim against the owner of the accounts. Moreover, there are factual differences between the cases— the *Worthington* case involved accounts in two specific banks, and there was no finding, as here, that the total amount of the depositor's obligations exceeded the amounts on deposit. That case is not controlling.

2. *Whether shares of stock and cash due from the Texas Co. to decedent at the time of his death are includable in his gross estate without reduction for income taxes subsequently withheld.*—At the time of Ogarrio's death he was entitled to receive from the Texas Co. 376 shares of its stock and $4,007.40 in cash in accordance with an employee's retirement plan. The 376 shares had a fair market value of $21,949 at that time. The stock and cash would have constituted income to Ogarrio when received, and, under section 1441 of the Code,[1] the Texas Co. was required to withhold a tax equal to 30 percent of these items. Petitioner contends that, as a result of the withholding requirement, the amount of each of these items includable in the decedent's gross estate must be reduced by 30 percent. We disagree.

Section 2106 of the Code provides that in determining the taxable estate of a nonresident alien deductions as provided in sections 2053 and 2054 shall be allowed.[2] But section 2053(c)(1)(B) explicitly states that "Any income taxes on income received after the death of

---

[1] SEC. 1441. WITHHOLDING OF TAX ON NONRESIDENT ALIENS.

(a) GENERAL RULE.—Except as otherwise provided in subsection (c), all persons, in whatever capacity acting * * * having the control, receipt, custody, disposal, or payment of any of the items of income specified in subsection (b) (to the extent that any of such items constitutes gross income from sources within the United States), of any nonresident alien individual * * * shall (except in the cases provided for in section 1451 and except as otherwise provided in regulations prescribed by the Secretary or his delegate under section 874) deduct and withhold from such items a tax equal to 30 percent thereof * * *

[2] SEC. 2106. TAXABLE ESTATE.

(a) DEFINITION OF TAXABLE ESTATE.—For purposes of the tax imposed by section 2101, the value of the taxable estate of every decedent nonresident not a citizen of the United States shall be determined by deducting from the value of that part of his gross estate which at the time of his death is situated in the United States—

(1) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—That proportion of the deductions specified in sections 2053 and 2054 (other than the deductions described in the following sentence) which the value of such part bears to the value of his entire gross estate, wherever situated. * * *

the decedent \* \* \* shall not be deductible under this section." [3]  And since the two items in issue were in fact received after the decedent's death, the statute expressly forbids any deduction in respect of income taxes thereon.  Nor may the same result be obtained indirectly by shrinking the amounts includable in the gross estate in the first instance.  To the extent that the same item is included in both the gross estate and taxable income received after the decedent's death Congress has provided relief in section 691 by granting an income tax deduction based upon the estate tax imposed in respect of the same item.  But there is no basis whatever for diminishing the amount includable in the gross estate.

*Decision will be entered for the respondent.*

---

[3] Income taxes are deductible if they are on income properly includable in an income tax return of the decedent for a period before his death.   Taxes on income received after the decedent's death are not deductible.   Sec. 20.2053–6(f), Estate Tax Regs.